*436
 
 Matthias, J.
 

 The question presented is, Shall the widow be deemed to have elected to take under the will, or may the court enter an election most favorable to her interests, and order distribution accordingly?
 

 It is conceded that the rights and interests of the widow in the estate of the decedent are greater and more valuable under the law than under the will of the testator, but'it is contended that the provisions of Section 10571, General Code, are conclusive of the question here presented, and that, no election having been made by the widow within the time therein prescribed, she is deemed to have taken under the will and distribution should be accordingly made.
 

 Provision is made by Sections 10574 and 10575, General Code, for the ascertainment of the relative value of the provisions made by law and by will, when, because of unsound mind, the widow or widower of a testator is unable to make an election. These provisions, however, are of no avail because of the fact that the widow died about two months subsequent to the probate of the will and before the court had acted upon the suggestion of the guardian of said widow as to proceeding under the provisions of such statute. The widow, being of unsound mind, was unable to make an election. The situation in that respect was no different after her death than it was before. It is conceded that her mental disability continued until her death. An election by her was impossible. In that event, should not a court of equity determine whether the provision made for her by law was more valuable and better than the provision made by will, and, if it so find, direct that election be entered in her
 
 *437
 
 behalf to receive the benefit of the provision which is more favorable to her interest? The mere statement of the proposition suggests that the rights and interests of a mentally incompetent person should be safeguarded, and that opportunity should be accorded to secure for her or her estate the same legal benefits and advantages as would accrue to a widow of sound mind. "What is hers under the law should not be lost by reason of her mental condition. Surely the hand of equity may intervene for her protection.
 

 The doctrine of election of rights grew up independently of statute, as has been suggested in numerous cases dealing with the subject. This is pointed out by the Supreme Court of Tennessee in the ease of
 
 Wright
 
 v.
 
 West,
 
 70 Tenn. (2 Lea), 78, 31 Am. Rep., 586, where numerous cases are cited supporting that doctrine. In that case a situation was presented quite similar to that involved in the instant case. The court there held that mere delay or the negligence of friends should not be allowed to prejudice the rights of one in no condition of mind to know or assert them, and that a court of equity would protect her rights where, because of her lunacy, dissent from the provisions of her husband’s will had not been filed.
 

 A similar holding was made by the Supreme Court of Pennsylvania in
 
 Kennedy
 
 v.
 
 Johnston,
 
 65 Pa., 451, 3 Am. Rep., 650.
 

 To the same effect also is the holding of the Supreme Court of Wisconsin in the case
 
 of Van Steenwyck
 
 v.
 
 Washburn,
 
 59 Wis., 483, 17 N. W., 289, 48 Am. Rep., 532. That court, referring to the provisions of the statute declaring the result of the failure of the widow to make her election within the time
 
 *438
 
 therein fixed after the date of the death of her husband, held that it was not the design of the statute to abrogate the jurisdiction of a court of equity in a proper case, and that, where the jurisdiction of the court was invoked to construe the will, and directions asked as to how the trust should be executed, the widow being insane, the court would make the election for her.
 

 It was likewise so held by the Supreme Court of Michigan in
 
 Andrews
 
 v.
 
 Bassett, Admr.,
 
 92 Mich., 449, 52 N. W., 743, reported in 17 L. R. A., 296, where numerous cases are cited and annotated, and it was there announced that “the jurisdiction of the court to elect on behalf of a mentally incompetent widow to take against her husband’s will is not abrogated by a statute giving the widow a right to so elect by filing in court a writing to that effect and providing that a failure to file such election within a given time shall be deemed an election to take under the will. ’ ’
 

 In the case we have here, had the widow continued to live, and had she continued mentally incompetent, she would not have been concluded by the provisions of Section 10571, General Code, and the court would have been fully authorized to enter an election in her behalf. Her death having intervened before that action was taken, how can it be “deemed that she elected to-take under the will?’’ No opportunity having been afforded to exercise the privilege of election — to make a choice between two alternatives, the provisions of the law and the provisions of the will —the same reasoning supports the view that the court may determine which is the most advantageous to her interests, in this instance to her estate, and
 
 *439
 
 enter an order of distribution in accordance with such finding.
 

 The case of
 
 Peckenschneider
 
 v.
 
 Schnede,
 
 (Iowa), 227 N. W., 335, involved a situation where the widow died prior to the probate of the will. The Supreme Court of Iowa held that the statute of that state, which provides that a spouse is conclusively presumed to have elected to take under a will in the absence of an election otherwise did not apply.
 

 Spruance, Admr.,
 
 v.
 
 Darlington, Exr.,
 
 7 Del. Ch., 111, 30 A., 663, involves a case where the existence of a lost will was innocently concealed until after the death of the widow of the testator, and she therefore had no opportunity to elect whether she would take under the will or the law. It was held that, as she was deprived of that privilege from circumstances over which she had no control, the court would make the election most advantageous to her interests, and the court made its finding and entered its decree accordingly.
 

 The decision of this court in the cases of
 
 Millikin
 
 v.
 
 Welliver,
 
 37 Ohio St., 460, and
 
 Colored Industrial School of Cincinnati
 
 v.
 
 Bates, Admr.,
 
 90 Ohio St., 288, 107 N. E., 770, Ann. Cas., 1916C, 1198, involved a consideration of a statute which required action upon the part of the widow if she desired to take under the provisions of her husband’s will. As the statute then read, her rights under the law were not affected by her failure to act. It was in the construction of the statute, as it thus read, that the court held that the election to take under the will was a personal right which must be exercised by the widow, and that, in the event of her death without having made such election, those who claimed under
 
 *440
 
 her could only claim so much of her husband’s estate as she was entitled to under the law. However, the court in these cases announced the sound principle that there must be some clear and convincing act to constitute an election by the widow or widower to take under the will rather than to receive the benefits provided by law, or the rights under the law would be preserved. Here, unless the relief sought be afforded, a widow, or her estate, would be deprived of rights and benefits secured by law, although she had not renounced such rights and benefits by election or otherwise.
 

 Judgment reversed.
 

 Marshall, C. J., Jones, Day, Allen, Kinkade and Robinson, JJ., concur.