Williams, J.
 

 The Court of Appeals held that this case is governed by Section 10504-60, which reads:
 

 “If the surviving spouse
 
 fails to make such election in person or by written instrument, or
 
 dies, at any time before the expiration of the time limit provided by law without having made such election, such spouse shall be conclusively presumed to have elected to tahe under the will
 
 and such spouse who fails to elect
 
 and the heirs, devisees and legatees of such spouse who dies without having elected and those claiming through or under them shall be bound accordingly, and persons may deal with the property of the decedent in accordance
 
 therewith.” (Emphasis added.)
 

 The time limit allowed by law for making such elec
 
 *298
 
 tion is provided for by Section 10504-55, General Code, and had not expired when the surviving spouse died.
 

 Appellant administratrix maintains that Section ■10504-60, General Code, denies due process and is unconstitutional by reason of the provision respecting a conclusive presumption.
 

 The case of
 
 Miller
 
 v.
 
 Miller, Admr.,
 
 129 Ohio St., 230, 235, 194 N. E., 450, is instructive in connection with this phase of our inquiry. At the time that decision was handed down, Section 10504-60, General Code, in part, read:
 

 “If the surviving spouse dies within the time limit for election without having elected, then such spouse, whether or not a citation has been issued, shall be presumed conclusively to elect to take under the statute of descent and distribution.” (114 Ohio Laws, 357.)
 

 Though now changed by amendment the portion relating to conclusive presumption is analogous to the the corresponding part of the present section. It was aptly stated in the opinion in that case that the “conclusive presumption is tantamount to an actual election. ’ ’
 

 The constitutional question made herein is not parallel to that presented when a statute creates a conclusive presumption with respect to evidence on the trial of a cause and thus denies a party the right to offer evidence in rebuttal. The regulation of election is within the power of the General Assembly and may be broad or narrow in scope as legislative discretion determines. The intent of the statutory provision under consideration is to make the will effective as to the property rights of the surviving spouse when he or she dies within the “time limit” without making an election. The provision is but a regulation of election and does not work a denial of- due process and is constitutional.
 

 
 *299
 
 The Probate Court apparently acted under the following sections of the G-eneral Code:
 

 Section 10504-63. “When, because 'of unsound mind, or other legal disability, the surviving spouse is unable to make an election, as soon as the facts come to the knowledge of the Probate Court, at any time within the time allowed by law for election, it shall appoint some suitable person to ascertain the value of the provision made for such spouse in lieu of the provisions made by law, and the value of the rights by law in the estate of the deceased consort.”
 

 Section 10504-64. “On the return of the report of the person appointed to make such investigation, the court shall determine whether the provision made by the testator for the surviving spouse, in the will, or the provision by law, is better for such spouse, and shall elect accordingly. It shall thereupon record upon its journal the election for such spouse under disability, by virtue of the proceeding herein providded, which election, when so entered, shall have the same force and effect as an election made by one not under such disability.”
 

 There has been much argument pro and con as to whether at the time the testator’s widow died there was, as to election, a pending proceeding which abated at her death.
 

 The Probate Court, acting upon knowledge that the widow was unable to make an election on account of her unsoundness of mind, appointed the commissioner to make a report. Though the commissioner was appointed prior to the death of the surviving spouse, his report was filed after she died, as were the application of Edna S. Berringer, administratrix of the estate of the surviving spouse, asking the court to determine that it would be “better for the surviving spouse * * * and/or her estate, to elect to take under the provisions made by law,” and the motion of Arthur Cheney and
 
 *300
 
 Richard Cheney raising the same question. The Probate Court conducted a hearing on the report, the application and the motion, at the same time, and at the conclusion thereof entered judgment that an election be made for the surviving spouse to take under the will.
 

 It is hardly necessary to enter into the question of abatement for it can not well be said that the appointment of a commissioner with directions to make a report to the court was the institution of a proceeding. If the filing of the commissioner’s report, of the application of the administratrix of the surviving spouse’s estate, or of the motion of Arthur Cheney and Richard Cheney, constituted the commencement of a proceeding, there was no abatement because the filing took place after the surviving spouse died. It is sufficient to say that the adjudication, which was made in a matter which had not abated, was a valid final order from which an appeal on questions of law could be taken to the Court of Appeals.
 

 Did the Court of Appeals err in holding that the matter of election is governed by Section 10504-60, General Code?
 

 Appellant administratrix maintains that the widow did not, within the meaning of the statute, “fail” to make an election; that she could not fail for the simple reason she was insane; and that an implication necessarily arises from the language employed that she must have been able to make the election.
 

 If the parts not applicable here are deleted, Section 10504-60, General Code, reads: “If the surviving spouse * # * dies, at any time before the expiration of the time limit provided by law without having made such election, such spouse shall be conclusively presumed to have elected to take under the will * * * and the heirs, devisees and legatees of such spouse who dies without having elected and those claiming
 
 *301
 
 through or under them shall be bound accordingly, and persons may deal with the property of the decedent in accordance therewith. ’ ’
 

 It is apparent that the contention of appellant administratrix is based principally on the portion of the statute deleted above as not applicable. The deleted language, which treats of failure to elect and implies ability to elect, refers to a surviving spouse who lives, beyond the time limit provided by law.
 

 When the statute is viewed from its four corners to ascertain the intendment, it is evident that the intent of the Legislature was that, in case the surviving spouse dies before the time limit expires without having made such an election, there is a .conclusive presumption of an election to take under the will, regardless of the reason for the nonelection. Inability to make the election is not a factor of controlling importance, for the applicable part of the statutory provision applies to an insane as well as a sane person. The Court of Appeals did not err in holding that the matter of election was controlled by that section of the statute.
 

 Appellant administratrix has cited
 
 Ambrose
 
 v.
 
 Rugg, Admx.,
 
 123 Ohio St., 433, 175 N. E., 691, 74 A. L. R., 449, but that case is inapposite here due to subsequent change in the statutory law.
 

 For the reasons stated the judgment is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Turner, JJ., concur.
 

 Belu, J., dissents.