In re Estate of Iwinski.

(No. 20706—Decided November 3, 1947.)

*Mr. M. A. Picciano*, for appellee.
*Mr. Ben Ledsky*, for appellant.

Hurd, P. J. This is an appeal on questions of law from a judgment of the Probate Court of Cuyahoga county, wherein the court appointed a commission to take election for an incompetent surviving spouse, under the provisions of Sections 10504-63 and 10504-64, General Code.

The facts are not in dispute. Josefa Iwinski, decedent, came to her death at the hands of her husband, Leo Iwinski, the surviving spouse, on August 12, 1943. Thereafter, there was a finding by the criminal branch of Common Pleas Court that, at the time of the commission of the offense resulting in the death of his wife, the husband was insane and by reason thereof was committed by the Common Pleas Court to the Ohio State Hospital for Criminal Insane on October 7, 1943, at Lima, where he is still confined.

Josefa Iwinski left a will in which she made provision for her husband. By the terms of the will a trust was created and the trustees were authorized in their absolute and unqualified discretion to use "the interest and any or all of the principal" of the trust estate for the husband's benefit. This will was admitted to probate on September 14, 1943, and the record of the Probate Court shows the appointment and qualification of the coexecutrices on the 21st and 23rd days of September 1943, respectively. On September 27, 1943, one William G. Stech, the applicant herein, was appointed guardian of the person and estate of the surviving spouse. The inventory and appraisal of the estate of the decedent was approved December 4, 1943. No citation was issued by the Probate Court, nor was any subsequent election made by or on behalf of the surviving spouse. It was stipulated that counsel for the guardian of Leo Iwinski was also counsel for Irene Stech, coexecutrix under the will of Josefa Iwinski, from the inception of both proceedings and for a period of at least nine months following the approval of the inventory, to wit, December 4, 1943.

In October 1945, the guardian, William G. Stech, filed his application for the appointment of a commission to elect on behalf of his ward. As will be noted,

this date was over two years after the probate of the will and the appointment and qualification of the executrices named therein.

The principal assignment of error is:

"That the court erred in appointing a commission to take election for an incompetent surviving spouse by reason of the fact that the application therefor was filed long after the statutory period providing for such election had expired."

The issue presented therefore raises a question as to the construction of Section 10504-63, General Code, and the application thereof to the facts of the case.

Section 10504-63, General Code, reads as follows:

"When because of unsound mind, or other legal disability, the surviving spouse is unable to make an election, as soon as the facts come to the knowledge of the Probate Court, *at any time within the time allowed* by law for election, it shall appoint some suitable person to ascertain the value of the provision made for such spouse in lieu of the provisions made by law, and the value of the rights by law in the estate of the deceased consort." (Emphasis added.)

The time limit allowed by law for making such election is provided for by Section 10504-55, General Code, the pertinent part thereof being as follows:

"The election shall be made within one month after service of the citation to elect, or *if no citation is issued, within nine months after the appointment of the executor or administrator, whether or not a citation be issued as herein provided.* On motion filed before the expiration of such nine months and for good cause shown, the court may allow further time for the making of the election. The election shall be entered on the journal of the court." (Emphasis added.)

There was no motion filed before the expiration of

the nine-month period from the appointment of the co-executrices, praying that the court allow further time for making the election.

Section 10504-60, General Code, creating a conclusive presumption with respect to election, is as follows:

"If the surviving spouse fails to make such election or dies before the expiration of the time limit provided by law without having made such election, *such spouse shall be conclusively presumed to have elected to take under the will* and such spouse who fails to elect and the heirs, devisees and legatees of such spouse who dies without having elected and those claiming through or under them shall be bound accordingly, and persons may deal with the property of the decedent in accordance therewith." (Emphasis added.)

These statutes are *in pari materia*. A careful examination thereof reveals no apparent uncertainties of meaning and no apparent ambiguity of terms or conflicts of provisions. On the contrary, the language of these statutes is plain and unambiguous and conveys a clear and definite meaning. Hence there is no occasion for resorting to accepted canons of statutory interpretation.[1]

Viewing Section 10504-63, General Code, and the sections *in pari materia* as a whole, to ascertain the legislative intendment, it is clear that the General Assembly by its enactment set a time limit within which elections shall be made by or on behalf of the surviving spouse and within which the Probate Court shall appoint a commission for such purpose. These sections provide also for a conclusive presumption of election to take under the will after the expiration of

---

[1]See 37 Ohio Jurisprudence, 514 *et seq.*, Section 278 *et seq.*, and numerous cases therein cited; 50 American Jurisprudence, 204, Section 225, and supporting authorities.

the time limit, unless on motion, within the time limitation, for good cause shown, the court allows an extension of time.

There is ample authority for such conclusion in the case of *In re Estate of Knofler*,[2] 143 Ohio St., 294, 55 N. E. (2d), 262, where the court held that Section 10504-60, General Code, providing for a conclusive presumption of election, is not violative of due process and was constitutional in a case where the surviving spouse died without making election by reason of her continued insanity. In that case the court considered Sections 10504-63 and 10504-64, General Code, as well as Section 10504-60, General Code, and, at page 301, Williams, J., speaking for the court, stated: ''Inability to make the election is not a factor of controlling importance, for the applicable part of the statutory provision *applies to an insane as well as a sane person.*'' (Emphasis added.)

The plaintiff in this case argues that the use of the comma immediately following the term, ''Probate Court,'' in Section 10504-63, is equivalent to the use of the conjunctive ''or'' immediately following the term, ''Probate Court,'' and according to his contention provides two separate and distinct members of

[2]Syllabus in *In re Estate of Knofler*, 143 Ohio St., 294 (decided May 3, 1944).

''1. Section 10504-60, General Code, which provides, *inter alia*, that if a surviving spouse dies before the expiration of the time limit provided by law without having made an election, such spouse shall be conclusively presumed to have elected to take under the will, does not by such provision deny due process of law and is constitutional.

''2. Where the surviving spouse of a testator dies before the expiration of the time for making election, she shall be conclusively presumed to have elected to take under the will notwithstanding that during the period between the testator's death and her death she was continuously insane and incapable of making an election.''

the same class. We think that such a construction cannot be sustained.

Historically, Section 10504-63 is a successor statute to former Section 10574 which in respect to the clause under consideration contained precisely the same wording and punctuation. The section is similar, with a change in title. The words, ''or other legal disability,'' are new and would include a surviving spouse who is a minor. The section is also changed in time limitation in order to conform to cognate sections in the amended probate code.[3] It is a reasonable assumption that, if the General Assembly had intended any other meaning than that plainly indicated, the correction would have been made at the same time the other changes were made to which we have referred.

Counsel also urges equitable considerations in favor of the surviving spouse, which we think have no application either under the facts of the instant case or under the plain terms of the applicable statute.

Counsel for plaintiff cites *Ambrose* v. *Rugg, Admx.*, 123 Ohio St., 433, 175 N. E., 691, 74 A. L. R., 449, in support of their contentions. We consider that case inapplicable here due to subsequent changes in the statutory law and in view of the decision of the Supreme Court in the case. of *In re Estate of Knofler, supra.*

For the reasons stated, the judgment of the Probate Court is reversed and final judgment is rendered for the defendant on plaintiff's application for the appointment of a commission to elect for the surviving spouse.

*Judgment reversed.*

MORGAN and SKEEL, JJ., concur.

---

[3]See comment in 7 Page's Ohio General Code (Lifetime Ed.), 242.