**IWINSKI, ESTATE OF, IN RE; STECH, Plaintiff-Appellee,
v LEWANDOWSKI, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20706.  Decided November 3rd, 1947.

M. A. Picciano, Cleveland, for plaintiff-appellee.
Ben Ledsky, for defendant-appellant.

610

By HURD, PJ.

This is an appeal on questions of law from a judgment of the Probate Court of Cuyahoga County wherein the Court appointed a Commission to take election for an incompetent surviving spouse under the provisions of §§10504-63 and 10504-64 GC.

The facts are not in dispute. Josefa Iwinski, decedent, came to her death at the hands of her husband, Leo Iwinski, the surviving spouse on August 12, 1943. Thereafter, there was a finding by the criminal branch of Common Pleas Court that at the time of the commission of the offense resulting in the death of his wife, the defendant was insane and by reason thereof was committed by the Common Pleas Court to the Ohio State Hospital for Criminal Insane on October 7, 1943, at Lima, Ohio, where he is still confined.

Josefa Iwinski left a will in which she made provision for her husband. By the terms of the will a trust was created by the testatrix and the trustees were authorized in their absolute and unqualified discretion to use "the interest and any or all of the principal" of the trust estate for his benefit. This will was admitted to probate on September 14, 1943 and the record of the Probate Court shows the appointment and qualification of the co-executrices on the 21st and 23rd days of September, 1943, respectively. On September 27, 1943, one William G. Stech, the applicant herein, was appointed Guardian of the person and estate of the surviving spouse. The inventory and appraisal of the estate of the decedent was approved December 4, 1943. No citation was issued by Probate Court nor was any election made by and on behalf of the surviving spouse subsequent thereto. It was stipulated that counsel for the Guardian of Leo Iwinski was also counsel for Irene Stech, co-executrix under the will of Josefa Iwinski, from the inception of both proceedings and for a period of at least nine months following the approval of the inventory, to-wit, December 7, 1943.

In October, 1945, the Guardian, William G. Stech, filed his application for the appointment of a commission to take election on behalf of his ward. As will be noted, this date was something over two years after the Probate of the will and the appointment and qualification of the executrices named therein.

The principal assignment of error is:

"That the court erred in appointing a commission to take election for an incompetent surviving spouse by reason of the

fact that the application therefor was filed long after the statutory period providing for such election had expired."

The issue presented therefore raised a question as to the construction of §10504-63 GC, and the application thereof to the facts of the case.

Sec. 10504-63 GC reads as follows:

"Election made by one under legal disability, how: When, because of unsound mind, or other legal disability, the surviving spouse is unable to make an election, as soon as the facts come to the knowledge of the probate court, **at any time within the time allowed** by law for election, it shall appoint some suitable person to ascertain the value of the provision made for such spouse in lieu of the provisions made by law, and the value of the rights by law in the estate of the deceased consort. (effective Jan. 1, 1932)" (emphasis added)

The time limit allowed by law for making such election is provided for by §10504-56 GC, the pertinent part thereof being as follows:

"The election shall be made within one month after service of the citation to elect, or, **if no citation is issued, within nine months after the appointment of the executor or administrator, whether or not a citation be issued as herein provided.** On motion filed before the expiration of such nine months and for good cause shown, the court may allow further time for the making of the election. The election shall be entered on the journal of the court. (effective Aug. 22, 1941)" (emphasis added)

There was no motion filed before the expiration of the nine months period from the appointment of the co-executrices, praying that the court allow further time for making the election.

Sec. 10504-60 GC, creating a conclusive presumption with respect to election, is as follows:

"Failure to make election: Presumption: If surviving spouse fails to make such election in person, or by written instrument, or dies at any time before the expiration of the time limit provided by law without having made such election, **such spouse shall be conclusively presumed to have elected to take under the will** and such spouse who fails to elect, and the heirs, devisees and legatees of such spouse who dies without having elected, and those claiming through or under them,

shall be bound accordingly and persons may deal with the property of the decedent in accordance thereof. (Effective Sept. 2, 1935)" (emphasis added)

These statutes are in pari materia. A careful examination thereof reveals no apparent uncertainties of meaning and no apparent ambiguity of terms or conflicts of provisions. On the contrary, the language of these statutes is plain and unambiguous and conveys a clear and definite meaning. Hence there is no occasion for resorting to accepted canons of statutory interpretation.[1]

Viewing §10504-63 GC and the sections in pari materia as a whole, to ascertain the legislative intendment, it is clear that the legislature by their enactment set a time limit within which elections shall be made by or on behalf of the surviving spouse and within which the Probate Court shall appoint a commission for such purpose. These sections also provide for a conclusive presumption of election to take under the will after the expiration of the time limit, unless on motion, within the time limitation, for good cause shown, the court allows an extension of time.

There is ample authority for this conclusion in the case of **In re Estate of Knofler**[2], 143 Oh St 294 where the court held that §10504-60 GC, providing for a conclusive presumption of election was not violative of due process and was constitutional in a case where the decedent died without making election by reason of her continued insanity. In that case the court considered §§10504-63 and 10504-64 GC as well as §10504-60 GC, and at **p. 301**, Williams, J., speaking for the court, stated:

---

1. See *37 O. Jur.* 'Statutes' *Sec 278 et seq.* p. 514 and numerous cases therein cited.
50 Am. Jur. 'Statutes' Sec. 225 p. 504 and supporting authorities.

2. Syllabi; *In re Estate of Knofler, 143 Oh St 294* (decided May 3, 1944).
"1. *Sec. 10504-60 G C* which provides inter allia that if a surviving spouse dies before the expiration of the time limit provided by law without having made an election, such spouse shall be conclusively presumed to have elected to take under the will, does not by such election deny due process of law and is constitutional.
2. Where the surviving spouse of a testator dies before the expiration of the time for making election, she shall be conclusively presumed to have elected to take under the will, notwithstanding that during the period between the testator's death and her death she was continuously insane and incapable of making an election."

"Inability to make the election is not a factor of controlling importance for the applicable part of the statutory provision **applies to an insane as well as a sane person.** * * * " (emphasis added)

The plaintiff-appellee in this case argues that the use of the "comma" immediately following the term "probate court" in §10504-63 GC is equivalent to the use of the conjunctive "or" immediately following the term "probate court" and according to his contention provides two separate and ·distinct members of the same class. We think that such a construction cannot be sustained.

Historically, §10504-63 GC is a successor statute to former §10574 GC, which in respect to the clause under consideration contained precisely the same wording and punctuation. The section is similar, with a change in title. The words "or other legal disability" are new and would include a surviving spouse who is a minor. The section is also changed in time limitation in order to conform to cognate sections of the amended probate code.[3] It is a reasonable assumption that if the legislature had intended any other meaning than that plainly indicated the correction would have been made at the same time the other changes were made to which we have referred.

Counsel also urges equitable considerations in favor of the surviving spouse which we think have no application either under the facts of the instant case or under the plain terms of the applicable statute.

Counsel for appellee also cite Ambrose v Rugg, Admr., 123 Oh St 433, 175 N. E. 691, 74 A. L. R. 449 in support of their contentions. We consider that case inapplicable here due to subsequent changes in the statutory law and in view of the decision of the supreme court in the case of In re Estate of Knofler, supra.

For the reasons stated the judgment of the Probate Court is reversed and final judgment is rendered for the appellant on appellee's application for the appointment of a commission to take election for the surviving spouse.

MORGAN and SKEEL, JJ, concur.

---

3. See comment—Volume 7, Page's Ohio General Code p. 224.