PIERCE, Estate of, In re.

Probate Court, Portage County.

No. 20966.   Decided December 30, 1960.

*Mr. Robert J. Kosydar*, assistant attorney general, for the State Tax Commission.

*Mr. Howard H. Knapp*, for the administrator.

DIETRICH, J.  This matter is before the Court on Exceptions filed by the Tax Commissioner as to the preliminary determination of the Inheritance Tax due on a succession to the surviving spouse.  The Inventory of the Estate lists joint and survivorship property in the names of Jessie Pierce, the decedent, and Guy E. Pierce, her surviving spouse, amounting to $107,920.84.

The statute governing the taxation of such property was, originally, as follows: Section 5731.02 (E), Revised Code.

"Whenever property is held by two or more persons jointly, so that upon the death of one of them the survivor has a right to the immediate ownership or possession and enjoyment of the whole property, the accrual of such right by the death of one of them shall be deemed a succession taxable under this section, in the same manner as if the enhanced value of the whole property belonged absolutely to the deceased person and he had bequeathed the same to the survivor by will."

In cases involving a husband and wife this statute was criticized from two view points; first, that generally, the survivor had contributed to the funds in the joint and survivorship account and it was unjust to tax the entire fund.  Second, in a family situation it was found difficult to determine what funds had been contributed by the decedent and what by the surviving spouse.

Accordingly the legislature, to correct this situation, added the following provision to the original statute (127 O. L., 128):

"provided when the persons holding said property jointly are a husband and wife, the survivor shall be deemed to have a succession taxable to the extent of one-half the total value of the property without regard to enhancement."

The evidence presented by the survivor showed that the funds placed in the joint and survivorship account were obtained by the survivor's business operations; that he alone made deposits in the account and signed all checks for withdrawals and the decedent never had earnings of her own. The Tax Commissioner adduced evidence showing that the decedent was a competent and helpful house-wife; taking care of the home in an economical and efficient manner and aided her husband in the accumulation of financial resources, which the Commissioner designates as "family money."

Counsel for the surviving spouse contends that no inheritance tax should be assessed against this estate for the following reasons:

1. The surviving spouse has a right to show who was the actual owner of the property; and since the evidence shows him to be the actual owner of the joint and survivorship property, there is no "succession" against which a tax may be imposed.

2. The foregoing position of the survivor is affirmed by the recent decision of the Supreme Court of Ohio in the case of *Fecteau* v. *The Cleveland Trust Co.*, 171 Ohio St., 121, which modified in essential details, the rules governing joint and survivorship property.

3. To impose a tax upon the transfer of this property to the survivor when, in fact, he has at all times been the sole owner of the property is such an act as would shock the conscience of any court of equity, and would give a result that was never intended by the legislature.

1. The Ohio inheritance tax is not a tax on the estate of a decedent, but is a tax upon the succession or the right and privilege of receiving property from the decedent. *In re: Daniel*, 159 Ohio St., 109. Was there a "succession" under the fact circumstance of this case? Did the death of his wife give to

the surviving husband a right which he did not possess during her lifetime?

The Court cannot agree that the surviving husband was the sole owner of the property in question. When he placed his property under a joint and survivorship arrangement, even if it was his sole property at the time, he parted with his absolute dominion over it. During her lifetime the decedent possessed the right to with-draw the whole or any part of the deposits and to take possession of the bonds in question on her individual receipt and to dispose of the property as she desired.

By reason of the death of the decedent, her husband had the right, by the joint and survivorship contract, to receive the absolute and sole ownership of the property which he did not possess during her lifetime. That beneficial interest of absolute title to the property, free from the pre-existing right of the decedent is, in the opinion of this Court, a "succession." In cases of this character, the only exception which exists in favor of a survivor is when the joint title has come into being under, and is part of a transaction indicating clearly a trust relationship or the existence of an agency only. Otherwise all that is needed to set the statute in motion is to have property in the joint names of the parties. When that is the case and one of the parties dies, the survivor has a right of succession to the whole.

Under the statute, this succession is "taxable to the extent of one-half of the total value of the property without regard to enhancement." The Ohio Supreme Court in the case of *Tax Commission* v. *Hutchison*, 120 Ohio St., 361, made such a holding under facts very similar to the case at bar. This is the rule also in two other states having a statute similar to Section 5731.02 (E), Revised Code. *Estate of Hounsell*, 252 Wisc., 138; *Cochran's Estate*, 342 Penna., 108, 20 A. 2d, 305.

2. The case of *Fecteau* v. *The Cleveland Trust Company*, must be narrowed down to the exact facts involved. The real issue in that case was whether a valid joint and survivorship account had been established in such a way as to justify the actions of one of the alleged joint owners. In fact Judge Zimmerman states (at page 125) "So far as the record discloses there was no formal written agreement covering the deposits

and signed by the parties.—And here the money was with-drawn from the bank accounts prior to the death of Peter E. Fecteau." It is true that this decision liberalizes the rules as to the proof of a joint and survivorship account. It holds that a joint and survivorship account may be made as a matter of convenience; that the fact that it is carried in joint names with the right of survivorship is not always conclusive as to the ownership of the account and evidence is admissible to show the true situation.

At the case at bar, there is no issue as to whether a joint and survivorship account was established. The parties for a long period of time had recognized its existence and maintained the account as such. It is the finding of the Court that the *Fecteau* v. *Cleveland Trust Company case* would not restrict the application of Section 5731.02 (E), Revised Code, in the present case.

3. To the argument that the Court should in this instance interpret the statute in such a way as to prevent a hardship upon the survivor; the answer may be brief. The language of Section 5731.02 (E), Revised Code, is quite clear, definite and unambiguous. This being true the Court has no authority to resort to the rules of statutory interpretation and read into the statute a meaning not expressed in the language. A Court can do nothing with an unambiguous statute but apply it. The authority to make any change in this statute reposes with the legislature and cannot be achieved by judicial interpretation. *In re: Iwinski*, 83 Ohio App., 463; *Sears* v. *Weimer*, 143 Ohio St., 312.

For the foregoing reasons, the Exceptions of the Tax Commissioner are hereby sustained and the Court will assess the tax in conformance to Section 5731.02 (E), Revised Code. Counsel for the Commissioner shall present a Journal Entry accordingly, noting proper exceptions.