In re Estate of Wolfel. (Two cases.)

[Cite as In re Estate of Wolfel, 3 Ohio App. 2d 11.]

(Nos. 1168 and 1171—Decided July 7, 1965.)

*Messrs. Moore, Myers, Parsell & Firstenberger*, for appellant Leonard G. Wolfel.

*Messrs. Mickley, Frericks & Howard*, for appellant Theodore P. Frericks, Executor.

*Messrs. Martin & Hall*, for appellee Emily W. Pash.

*Messrs. Wiedemann & Wiedemann*, for appellee Harriette C. Wolfel.

GUERNSEY, J. Raymond C. Wolfel died testate on October 5, 1961, leaving his spouse, Harriette C. Wolfel, and three adult children, one of whom is the appellant, Leonard G. Wolfel. His estate was left in trust and his spouse is to receive the net income therefrom during her lifetime or so long as she remains his widow with the trustee having discretionary power to invade the corpus "for her comfortable support and well being." Upon her re-marriage or death the trust terminates and the corpus and undistributed income are to be paid in equal shares to the decedent's children.

The executor was appointed on October 18, 1961, and the inventory and appraisement was filed on January 26, 1962. On February 1, 1962, the surviving spouse made and filed her election to take under the provisions of the will. The only other matter noted on the probate docket prior to the termination on July 18, 1962, of the nine month period after the appointment of the executor is the filing of the schedule of debts on July 6, 1962.

Subsequently, on October 11, 1962, the surviving spouse filed her petition in case number 36223 in the Marion County Court of Common Pleas alleging her election of February 1, 1962, to be "void and of no effect" and praying that it be cancelled and held "to be null and void." On September 24, 1964, the Common Pleas Court entered its judgment declaring such election *void*.

On October 15, 1964, the surviving spouse filed her motion in the Probate Court of Marion County for permission to take under the statute of descent and distribution. This motion was heard on October 27, 1964, at which time the surviving spouse verbally elected in open court and made a written election filed on that date to take under the statute of descent and distribution.

On November 6, 1964, the Probate Court entered its order allowing her to take under the statute of descent and distribution. It is from this order that the executor and Leonard G. Wolfel have appealed in case number 1168.

On November 24, 1964, before that appeal was heard or disposed of, the executor and Leonard G. Wolfel filed a motion in Probate Court to strike from the files the purported election made on October 27, 1964, the journal entry of that date me-

morializing the filing of the election, and the aforesaid order entered on November 6, 1964. On January 4, 1965, a stipulation was filed by the parties setting forth essentially the foregoing facts as the only evidence to be heard on the motion, and on that date the Probate Court overruled the motion. It is from this latter order that appeal has been taken by the executor and by Leonard G. Wolfel in case number 1171.

The assignments of error in each appeal, which were heard together, may be summarized that the action of the Probate Court was, in each instance, contrary to law.

As no appeal was taken from the judgment of the Common Pleas Court declaring the election made on February 1, 1962, *void*, and as same has not been subjected to any lawful collateral attack, that judgment constitutes a valid and subsisting judgment which the Probate Court was required to recognize. The election being claimed *void*, and not *voidable*, and thereupon held *void*, the action of the Common Pleas Court was unequivocal and we can give proper effect to its judgment only by considering the election to be void *ad initio*, *i.e.*, on February 1, 1962. A valid election could have been made and filed at any time thereafter until July 18, 1962, the final date of the nine month period within which an election may be made and filed under the provisions of Section 2107.39, Revised Code. It will be noted that this termination date was subsequent to both the filing of the inventory and appraisement on January 26, 1962, and the filing of the schedule of debts on July 6, 1962.

However, no election was made and filed within this statutory period. Nor does the record show the issuance of a citation to elect or the filing of a motion to extend the time for the making of the election, each of which might have lengthened the statutory period. Nor was there any evidence before the Probate Court for consideration on either motion showing any reason why the surviving spouse could not have made and filed a valid election within the statutory period.

The surviving spouse having failed ''to make the election provided by Section 2107.39 of the Revised Code * * * such spouse shall be conclusively presumed to have elected to take under the will.'' Section 2107.41, Revised Code. See *In re Estate of Knofler*, 143 Ohio St. 294, and *Miller* v. *Miller, Admr.*, 129 Ohio St. 230, cited therein.

Neither the purported election filed on October 27, 1964, nor the entry thereof on the journal constituted a final appealable order as defined by Section 2505.02, Revised Code, and no appeal could have been filed from such matters.

There being no provision in law, under the circumstances of this case, permitting a surviving spouse to file an election after the expiration of the statutory period of nine months from the appointment of the executor, the filing of an election on October 27, 1964, was a nullity and the Probate Court committed prejudicial errors by its order entered November 6, 1964, wherein it decreed that the surviving spouse be allowed to take under the statute of descent and distribution, and by its order of January 4, 1965, overruling the motion to set aside and strike from the files the election filed on October 27, 1964, and the journal entry of that date memorializing such election. It did not err, however, in refusing to strike the order of November 6, 1964, hereinbefore referred to, for the reason that an appeal had been perfected from such order and, while pending, the Probate Court had no jurisdiction to vacate same. 3 Ohio Jurisprudence 2d 253, Appellate Review, Section 352.

As appellant, Leonard G. Wolfel, was a beneficiary under the decedent's will, having a vested estate in remainder, he was a proper party appellant. We need not and do not, therefore, make any decision as to the incapacity of the executor to maintain these appeals as urged in oral argument by the appellee. But see *In re Estate of Gould*, 75 Ohio Law Abs. 298, affirming 75 Ohio Law Abs. 289. We have considered the case of *In re Estate of Bersin*, 98 Ohio App. 432, also strongly urged by the surviving spouse as being determinative of the issues, but we find same entirely distinguishable on its facts. In that case the statutory period was extended by the failure to make a timely filing of the appraisal and inventory, and by reason of such failure the spouse was unable to make an intelligent choice within the basic nine month period. Here the spouse could have made an intelligent choice during the nine month period and nothing occurred, or failed to occur, which operated to extend this basic period.

For the prejudicial errors hereinbefore mentioned the judgments of the Probate Court entered, respectively, on November 6, 1964, and on January 4, 1965, are reversed and vacated

and this court, entering the judgments the Probate Court should have entered, enters judgment overruling the motion of the surviving spouse filed on October 15, 1964, for permission to elect to take under the statute of descent and distribution and judgment granting the motion filed by Leonard G. Wolfel on November 24, 1964, to strike the election of October 27, 1964, and the entry of that date memorializing its filing.

*Judgments accordingly.*

YOUNGER, P. J., and MIDDLETON, J., concur.