66

IN RE ESTATE OF WITTEMAN.

[Cite as In re Estate of Witteman, 3 Ohio St. 2d 66.]

(No. 39008—Decided July 7, 1965.)

*Mr. Jack Lett,* for appellant, Herbert A. Witteman.

*Mr. Raymond A. Bichimer* and *Mr. William G. Corson,* for appellee, James D. Doddroe.

SCHNEIDER, J.   Those portions of the Ohio statutes relevant to the first question presented are:

Section 2107.39, Revised Code: "After the probate of a will and filing of the inventory, appraisement, and schedule of debts, the Probate Court, on the motion of the executor or administrator, or on its own motion, forthwith shall issue a citation to the surviving spouse, if any be living at the time of the issuance of such citation, to elect whether to take under the will or under Section 2105.06 of the Revised Code. * * * The election shall be made within one month after service of the citation to elect, *or if no citation is issued such election shall be made within nine months after the appointment of the executor or administrator. On a motion filed before the expiration of such nine months and for good cause shown, the court may allow further time for the making of the election. * * *"* (Emphasis added.)

Section 2107.41, Revised Code: "If the surviving spouse * * * fails to make the election provided by Section 2107.39 of the Revised Code * * * such spouse shall be conclusively presumed to have elected to take under the will * * *."

The contrast between the present language and the relevant portions of the statutes as they read before 1932 is enlightening.* It appears that before 1932, the citation by the court, if issued at all, had to issue *forthwith* upon the probate of the will and, therefore, the periods within which the election was required to be made were definitely ascertainable.

The existing statutes, by comparison, fail expressly to

---

*Cognate provisions of the General Code in effect immediately prior to January 1, 1932, were:

Section 10566, General Code. "* * * after the probate of such will, the Probate Court *forthwith* shall issue a citation to such widow or widower to appear and elect whether to take * * * [under the will] or to be endowed of the lands of the deceased consort and take the distributive share of the personal estate." (Emphasis added.)

Section 10567, General Code. "Such election must be made within one year from the date of the service of such citation * * *."

Section 10571, General Code. "Whether or not a citation be issued in the manner provided by Section 10566, the widow's or widower's election may be manifested * * * within one year from the date of probate of the will of the deceased consort. * * * If the widow or widower fails to make such election * * * within the time limit provided by Section 10567 * * * or within the time limit provided in this section, then it shall be deemed that she or he has elected to take under the will * * *."

prescribe a time limit beyond which a citation may not issue. And, by the use of the phrase, "after the appointment of the executor or administrator," they fail to contemplate the appointment of a special administrator or the appointment of successive administrators, as in this case, and thus fail to provide that degree of certainty and stability which the Recodification Act of 1953 sought to achieve.

Out of this confusion, the Court of Appeals decided that the election herein was invalid, since it was made more than nine months after the appointment of the first administrator w. w. a. We agree with that view. Necessarily, "administrator" positioned conjunctively with "executor" must be construed to mean the fiduciary first appointed to administer the estate after the probate of, and under, the will. To hold otherwise would produce more unsettling consequences than dedicated ingenuity can conceive, and would require the phrase, "whichever filed the inventory and schedule of debts," or words of similar import, to be judicially attached to Section 2107.39, Revised Code, after the words, "executor or administrator."

We also agree that the election here was not made pursuant to a validly issued citation. Section 2107.39, Revised Code, clearly states that an "election shall be made within nine months after the appointment of the executor or administrator." That the General Assembly intended this to be applied except as it specified otherwise is apparent. It provided that "the court may allow further time for the making of the election" only "on a motion filed before the expiration of such nine months." (Appellant failed to file any such motion.) It did not provide that the court might allow further time in any other way. The Probate Court may not issue a citation to elect after the expiration of that time. And, the surviving spouse failing to elect voluntarily within that time, is, by virtue of Section 2107.41, Revised Code, conclusively presumed to have elected to take under the will.

This interpretation is fortified by the fact that the last paragraph of Section 2107.39, Revised Code, specifies two other instances in which the surviving spouse would have further time to elect and specifies what further time he would have. It does the least violence to specific, although patently inept, lan-

guage, and we give it reasonable effect. The General Assembly must answer for the resultant incongruity, if any, and interested parties have recourse to that body for corrective action.

In arriving at our conclusion, we disturb nothing that is written or decided in *Miller* v. *Miller*, 129 Ohio St. 230, and *In re Estate of Knofler*, 143 Ohio St. 294 (each concerning the effect of death of a surviving spouse prior to election), and we logically extend the reasoning supporting *Ambrose* v. *Rugg, Admx.*, 123 Ohio St. 433 (conclusive presumption has no application to incompetent surviving spouse), and *Raleigh, et al., Admrs.*, v. *Raleigh*, 153 Ohio St. 160 (Probate Court authorized, after probate of the will and the inventory, appraisement and schedule of debts are filed, to make election for deceased surviving spouse who dies before probate of will of the first dying spouse).

The second question, whether the Court of Appeals erred in reversing the Probate Court's rejection of the exceptions to the appraisement of real estate belonging to the estate, is governed by the rule that a Court of Appeals may grant one new trial when it concludes that the judgment of the trial court is manifestly against the weight of the evidence. *State* v. *Gilkerson*, 1 Ohio St. 2d 103; *State* v. *Robinson*, 162 Ohio St 486. This is the import of the finding of the Court of Appeals on this question and, because the record thereon presents a purely factual issue, that order is affirmed.

*Judgment affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT and BROWN, JJ., concur.

KERNS, J., concurs in the judgment insofar as it affirms the judgment of the Court of Appeals.

KERNS, J., of the Second Appellate District, sitting for O'NEILL, J.