(No. 1085—Decided January 20, 1971.)

*Mr. John B. Kelly,* for appellant.
*Messrs. Smith & Smith,* for appellees.

YOUNGER, J. This is an appeal from the action of the Probate Court for Logan County in dismissing a petition for declaratory judgment. The plaintiff and her deceased husband, Walter H. Barlup, were married, each for the second time, on October 23, 1955. Prior to that marriage the plaintiff and her intended husband entered into an antenuptial agreement on October 8, 1955. This ante-nuptial agreement provided among other things that the husband was to execute a will by which he would give to the plaintiff his residence in Perry Township, Logan Coun-

ty, Ohio, valued at $12,000 for and during her natural life and at her death the residence was to go in fee simple to his daughter by the previous marriage.

The antenuptial agreement further provided as follows:

"2. That any property accumulated by Walter H. Barlup or through the joint efforts of Walter H. Barlup and Bess M. Elliott subsequent to their marriage and in addition to the property presently owned by him, including but not limited to Social Security benefits, shall belong solely to the survivor of said Walter H. Barlup or Bess M. Elliott at the death of either, and that such provision shall be effected by Last Will and Testament or by the taking title to any real estate or personal property so acquired or accumulated jointly with right of survivorship."

The petition for declaratory judgment asserts that Walter H. Barlup did on the 4th day of January, 1956, cause to be prepared and executed a will, being his last will and testament as admitted to probate in the Probate Court of Logan County, Ohio. It is admitted that the petition for declaratory judgment was filed within nine months from the appointment of ьhe executor. The petition further alleges that the last will and testament of Walter H. Barlup contains no provision granting to the plaintiff as the sole survivor any personal property accumulated by the said Walter H. Barlup subsequent to his marriage to the plaintiff. The petition further prays for a declaratory judgment as to the validity of said purported antenuptial agreement; that it be declared null and void and not binding in that it was never fully performed by Walter H. Barlup, and the petition further alleges that until the court determines the validity of the antenuptial agreement the plaintiff is unable to make her election in the probate court as to whether she would take under the statute of descent and distribution or whether she should take under the will.

A hearing was had in the Probate Court upon the above matters, and the matter was taken under advisement by the court; but in the meantime and after the nine months within which plaintiff had to make an election had expired,

the defendants filed a motion to dismiss the petition upon the grounds that the nine months plaintiff had to make an election had expired without her making such an election and that she was, therefore, conclusively presumed to have elected to take under the will, and that the matters involved were, therefore, moot.

The Probate Court sustained that motion and dismissed the petition upon the grounds that an action in declaratory judgment to construe an antenuptial agreement, being "an instrument with legal significance of its own," was not a "proceedings for advice" as is contemplated in the second paragraph of R. C. 2107.39, and further held that such "proceedings for advice" was only such a proceeding as is contemplated in R. C. 2107.40.

R. C. 2107.39 provides that the election of the surviving spouse shall be made within one month after service of a citation to elect, or if no citation is issued then such an election shall be made within nine months after the appointment of the executor or administrator. Such section further provides that on a motion filed before the expiration of such nine months and for good cause shown, the court may allow further time for the making of such an election. The second paragraph of such section provides as follows:

"When proceedings for advice or to contest the validity of a will are begun within the time allowed by this section for making the election, such election may be made within three months after the final disposition thereof if the will is not set aside."

R. C. 2107.40 provides:

"At any time before the period of the election provided by Section 2107.39 of the Revised Code has expired, the surviving spouse may file a petition in the probate court or in the court of common pleas making all persons interested in the will defendants thereto, asking a construction of such will in favor of such spouse, and for the judgment of the court."

The Probate Court and the appellant herein rely strongly upon the cases of *In re Estate of Wittman*, 3 Ohio St. 2d 66, and *In re Estate of Wolfel*, 3 Ohio App. 2d 11,

decided by this court in 1965. In my opinion neither of these are pertinent to the issues presented in this case. *Wittman* decided that the nine months period within which a spouse may make an election started to run from the time of the appointment of the first administrator and that the subsequent appointments of other administrators for the estate did not extend the nine month period and that the surviving spouse having failed to make an election within the period of nine months from the appointment of the first administrator was conclusively presumed to have elected to take under the will.

The *Wolfel* case held that an election made within the nine month period and which was subsequently declared to be void did not permit an election after the nine month period had expired providing that nothing had occurred or failed to occur which would operate to extend such nine month period. I adhere to our decision in that case but it has nothing to do with the issue presented in this case.

In this case we have an antenuptial agreement, which the other cases do not have. In this case we have an antenuptial agreement by which the husband limited his right to make a will. By the antenuptial agreement, he agreed to execute a will by which he would leave to his surviving spouse their residence during her lifetime. He also agreed that any property acquired after marriage or by the joint efforts of himself and his wife would go to the survivor of them. He subsequently executed a last will and testament in which he carried out his agreement to devise to his surviving spouse the residence in which they lived. He neglected and failed by such last will and testament to leave to his surviving spouse the after acquired property. Naturally, the surviving spouse cannot make an intelligent election whether to take under the law or under the will without a determination by the court as to the validity of such antenuptial agreement and whether if she elects to take under the will, the provisions of the antenuptial agreement as to after acquired property are to be fulfilled.

In 1894, the essential provisions of R. C. 2107.39 and R. C. 2107.40 were all incorporated in one section of the

48

Revised Statutes, R. S. 5963 (91 Ohio Laws 204), which, after providing for the election by a surviving spouse further provided:

"* * * provided, that such widow or widower may, at any time before the period of such election has expired, file her petition * * * asking a construction of the provisions of said will in her or his favor, *and to have the advice of said court* * * *; and if proceedings for such advice, or proceedings to contest the validity of such will be commenced within such year, the widow or widower shall be entitled to make election within three months after such proceedings have been finally disposed of, and said will shall not have been set aside; * * * " (Emphasis added.)

It is apparent, therefore, that with reference to tolling the statute of limitations for making an election the meaning of proceedings "for advice" was at that time limited to the will construction proceedings now provided for by R. C. 2107.40. However, the evolution of the statutes thereafter indicates that there no longer is such limitation.

In 1931, when the Probate Code was adopted, the language above quoted was substantially changed and had become rearranged to consist of two sections of the General Code, reading in pertinent parts as follows (114 Ohio Laws 357):

Section 10504-57. "At any time before the period of such election has expired the surviving spouse may file a petition * * * asking a construction of its provisions in favor of such spouse, *and for the judgment of the court* * * * "

Section 10504-58. "*When proceedings for advice*, or to contest the validity of a will, are begun within the time allowed for making the election, if the will is not set aside, the election may be made within three months after the final disposition thereof." (Emphasis added.)

At the same time in the same act the probate court was first given jurisdiction to render declaratory judgments. (G. C. 10501-53, 114 Ohio Laws 335.) This predated the bestowal of similar jurisdiction on the common pleas courts by the adoption of the uniform declaratory judgment act, first effective in 1933.

It is obvious, therefore, that when the Legislature changed the phrase "advice of the court" to "judgment of the court," and broadened the phrase "proceedings for such advice" to the phrase "proceedings for advice," and did this at the same time that it gave the probate court declaratory judgment jurisdiction, it contemplated and intended that proceedings for advice would not be confined to a will construction action under the provisions of the present R. C. 2107.40, but contemplated and intended that proceedings for advice would include a declaratory judgment action within the jurisdiction of the probate court.

This case presents a unique situation in which we have an antenuptial agreement which limits and presents a restraint upon the testator. The testator neglected and failed to live up to his antenuptial agreement. The widow is, therefore, left in a quandary.

In my opinion she took the only logical action left to her. She wanted and was entitled to know what her rights under both the antenuptial agreement and the will were and the sole issue in this case is—is a declaratory judgment action such a "proceedings for advice" as is contemplated by R. C. 2107.39? In my opinion it is, because she is asking for advice of the court upon "an instrument which may have a legal significance of its own" but at the same time it has a very distinct relationship and is intertwined with the provisions of the will to such an extent that this issue must be decided before the surviving spouse is in a position to make her election. "Proceedings for advice" must be construed in general terms to mean exactly what it says —no more and no less.

The judgment of the Probate Court in dismissing the petition is reversed.

*Judgment reversed.*

COLE, P. J., and GUERNSEY, J., concur.