## IN RE ESTATE OF KNOFLER.

(No. 959—Decided July 3, 1943.)

*Messrs. Carhart & Carhart,* for appellants.
*Mr. J. C. Williamson, Messrs. Donithen & Michel* and *Mr. French Crow,* for appellees.

GUERNSEY, P. J. These are separate appeals upon questions of law from an order made by the Probate

Court of Marion county, Ohio, in the administration of the estate of Barney J. Knofler, deceased, in a proceeding instituted therein pursuant to the provisions of Sections 10504-63 and 10504-64, General Code, determining that the provision made by the testator, Barney J. Knofler, in his will, for his surviving insane spouse, Bertha A. Knofler, who died before such order was made, is better for such spouse than the provision made by law, and electing accordingly.

Appeals from this order were perfected by Edna S. Berringer as administratrix of the estate of Bertha A. Knofler, deceased, and by Richard Cheney and Arthur Cheney, heirs at law of Bertha A. Knofler, deceased.

Edna Munn, the sister of Barney J. Knofler, who is the residuary legatee and devisee under the last will and testament of Barney J. Knofler, deceased, one of the appellees herein, has filed her motion herein to dismiss the appeals, upon the following grounds:

1. That the order of the Probate Court of Marion county, Ohio, made on the 4th day of December, 1942, from which the appeal is taken, is not a final order and that by reason thereof no appeal can be had therefrom.

2. That the Court of Appeals of Marion county, Ohio, has no jurisdiction over the alleged appellee Edna Munn herein.

The right of election under a will is a substantial right and the proceeding in which it is made is a special proceeding.

The order made by the Probate Court therefore is an order affecting a substantial right made in a special proceeding and is, under the provisions of Section 12223-2, General Code, a final order which may, upon review, be vacated, modified or reversed, and such order constitutes a judgment within the meaning of Section 6 of Article IV of the Constitution, conferring jurisdiction on the Court of Appeals to review, affirm, modify or reverse judgments of the Courts of Common

Pleas, Superior Courts and other courts of record within the district, as may be provided by law.

It is contended by the movant, however, that the determination by the court of whether the provision made by the testator for the surviving spouse, in the will, or the provision by law, is better for such spouse, and electing accordingly, is a ministerial and not a judicial act, and consequently that no appeal may be had from it.

A judicial decision is the application, by a court or tribunal exercising judicial authority of competent jurisdiction, of the law to a state of facts proved, or admitted to be true, and a declaration of the consequences which follow. 2 American Jurisprudence, 857. The Probate Court in the instant case was a court exercising judicial authority of competent jurisdiction, and the order made by it constituted an application of the law to a state of facts proved, or admitted to be true, and a determination and declaration of the consequences which follow, bringing the order within the rule mentioned.

The determination of which of the provisions is better, and the election accordingly, therefore constituted the exercise of judicial discretion and such determination and election constituted a judicial decision.

For the reasons mentioned, the first ground of the motion is without merit.

The second ground of the motion for the dismissal of the appeal is that the Court of Appeals had no jurisdiction over the appellee Edna Munn.

As shown by the record, the appellee Edna Munn, as the residuary devisee and legatee under the will, is the only person to benefit through the order appealed from, and participated in and was represented by counsel in the hearing in the Probate Court at which the order was made, and while she is not a necessary party to the appeals, the appellee executor of the will of Barney

J. Knofler being the only necessary appellee party, she is, on account of her interest in the estate, a proper party. Furthermore; the dismissal of the appeals as to her would not constitute a dismissal as to the executor.

For the reasons mentioned, the second ground of the motion to dismiss is without merit, and both grounds being without merit the motion to dismiss the appeals is overruled.

Barney J. Knofler made and executed his last will and testament at Marion, Ohio, on March 9, 1942. Prior thereto, on the 2nd day of March, 1942, he had filed an affidavit in the Probate Court of Marion county, Ohio, charging his wife Bertha A. Knofler with being mentally incompetent. After proper hearing thereon, she was ordered committed to the Columbus State Hospital for the Insane, but was in the city of Marion, Ohio, in the family residence at the time of the making and execution of such will and was not physically committed to the Columbus State Hospital until March 11, 1942, where she remained in the same mental condition continuously until her death.

By his will, Barney J. Knofler gave all of his property to Robert H. Reidenbaugh as trustee, with authority to pay his wife the income from the trust estate for her care, comfort and support during her natural life; and upon certain conditions and contingencies to use a part or all of the corpus of the estate for such purpose; and after her death such trustee was to turn over the estate to his sister Edna Munn. Barney J. Knofler, by his will, also divested his wife of all statutory rights, homestead, year's allowance under the twenty per cent statute, as well as all claims under any other statutes, except only in one case, to wit:

"Should she, or any other person for her, for any reason, elect not to take under my will, then my entire

estate subject to her claims at law upon the same, shall pass without the intervention of my trustee, to my sister Edna Munn.''

In less than one month after Barney J. Knofler made his will he died. His will was filed for probate in the Probate Court of Marion county, Ohio, on April 21, 1942, and admitted to probate by that court on April 28, 1942.

About two months after Barney J. Knofler made his will, Edna S. Berringer was appointed guardian of Bertha A. Knofler, surviving spouse of Barney J. Knofler, by the Probate Court of Marion county, Ohio, and served as such guardian until Bertha A. Knofler died on the 28th day of May, 1942.

Robert H. Reidenbaugh was appointed executor of the estate of Barney J. Knofler and Edna S. Berringer was appointed administratrix of the estate of Bertha A. Knofler by the Probate Court of Marion county, Ohio.

Robert H. Reidenbaugh, as executor of the last will and testament of Barney J. Knofler, filed his application in such court on May 22, 1942, directing the attention of the court to the fact that the widow was an incompetent person and confined to the Columbus State Hospital for the Insane, and that by reason thereof was unable to make an election as provided by law, and the Probate Court of Marion county, Ohio, in conformity with the provisions of Sections 10504-63 and 10504-64, General Code, appointed the Honorable Fred E. Guthery as commissioner to determine the value of the provision under the will of Barney J. Knofler, deceased, for his surviving spouse, and the value or right under the law.

On June 1, 1942, and subsequent to the death of Bertha A. Knofler, such commissioner made his report which he summarized as follows:

"Provisions under the will.

"So much of the income and corpus of the estate may be used in the care, comfort and support of the spouse, if it be necessary to use all of the same.

"Provisions under the law.

"Year's allowance estimated at $1,200; selected under General Code 10509-54, $1,581.02; one-half of net estate $2,145.57. Total, $4,926.59."

Since the filing of the report the estimated value of the estate and the consequent value of the provisions under the law for the surviving spouse have been materially increased through the sale of stock at a price in excess of its appraised value, upon which the report was based.

Bertha A. Knofler is survived by her sister Edna S. Berringer and two nephews, Arthur Cheney and Richard Cheney, her only next of kin.

Barney J. Knofler was survived by his widow Bertha A. Knofler and his sister Edna Munn and others as his only next of kin.

Bertha A. Knofler was 68 years of age at the time of her death.

On December 3, 1942, subsequent to the death of Bertha A. Knofler, the cause was heard by the Probate Court upon the foregoing report of Fred E. Guthery as commissioner to estimate the value of the provision made in the will of Barney J. Knofler, deceased, for his surviving spouse, Bertha A. Knofler, who was insane at the time of the death of Barney J. Knofler, and who continued in a state of insanity until the time of her death, and the value of rights of such insane spouse in his estate by law, and on the application of Edna S. Berringer, administratrix of the estate of Bertha A. Knofler, asking the court to determine that it is better for the surviving spouse of Barney J. Knofler and her estate to elect to take under the provisions made by law, and a similar application by

way of motion made by Arthur Cheney and Richard
Cheney, and the court thereupon finding that the pro-
visions made by the testator for his spouse in his will
are better for such spouse than the provisions to which
she is entitled under the law, ordered, adjudged and
decreed that an election for such widow to take under
the will be made and entered upon the journal of the
court, and dismissed the application of Edna S. Ber-
ringer, administratrix of the estate of Bertha A. Knof-
ler, deceased, hereinbefore referred to.

This is the order from which the separate appeals
are taken.

While the appellants assign error in a number of
particulars, the errors may be summarized as follows:

Error in that judgment is contrary to law and con-
trary to the evidence.

It is the contention of the appellants that upon the
facts of the case, the insane spouse having died before
the election was made and by reason thereof not being
able to receive the benefit of the provisions of the will,
the Probate Court should have determined that the
provision made by law for the spouse, which would
inure to the benefit of her estate, is better than the
provision made for the insane spouse by the testator
in the will, and should have elected accordingly.

In determining this question it is necessary to con-
sider the following sections of the General Code, to
wit, 10504-63, 10504-64 and 10504-60.

Section 10504-63. ''When because of unsound mind,
or other legal disability, the surviving spouse is un-
able to make an election, as soon as the facts come to
the knowledge of the Probate Court, at any time within
the time allowed by law for election, it shall appoint
some suitable person to ascertain the value of the pro-
vision made for such spouse in lieu of the provisions
made by law, and the value of the rights by law in the
estate of the deceased consort.''

Section 10504-64. "On the return of the report of the person appointed to make such investigation, the court shall determine whether the provision made by the testator for the surviving spouse, in the will, or the provision by law, is better for such spouse, and shall elect accordingly. It shall thereupon record upon its journal the election for such spouse under disability, by virtue of the proceeding herein provided, which election, when so entered, shall have the same force and effect as an election made by one not under such disability."

Section 10504-60. "If the surviving spouse fails to make such election in person or by written instrument, or dies, at any time before the expiration of the time limit provided by law without having made such election, such spouse shall be conclusively presumed to have elected to take under the will and such spouse who fails to elect and the heirs, devisees and legatees of such spouse who dies without having elected and those claiming through or under them shall be bound accordingly, and persons may deal with the property of the decedent in accordance therewith."

Section 10504-63, General Code, is analogous to and successor of Section 10574, General Code, repealed; Section 10504-64, General Code, is analogous to and successor of Section 10575, General Code, repealed; and Section 10504-60, General Code, is analogous to and successor of Section 10571, General Code, repealed.

The repealed sections were in effect and under consideration in the case of *Ambrose* v. *Rugg, Admx.*, 123 Ohio St., 433, 175 N. E., 691, 74 A. L. R., 449.

That part of repealed Section 10571, which related to the same subject matter as Section 10504-60, then prescribed: "If the widow or widower fails to make such election in person as provided in Section 10570, or by written instrument as provided herein, within the time limit provided by Sections 10567 and 10568 or within the time limit provided in this section, then it

shall be deemed that she or he has elected to take under the will and she or he shall be bound accordingly and persons may deal with property of the decedent in accordance therewith.''

From a comparison of these provisions with the provisions of Section 10504-60, General Code, it will be noted that Section 10504-60 prescribes a condition, to wit, the death of the surviving spouse, not prescribed in repealed Section 10571, General Code, upon which the conclusive presumption of an election by such surviving spouse becomes effective.

The condition mentioned, not being prescribed by Section 10571, General Code, then in effect and applicable to the subject matter, the Supreme Court, in the case mentioned, held that the provisions of such section did not preclude an election to take under the law being made on behalf of an insane surviving spouse who died before the commencement of any proceeding to have an election made on her behalf by the Probate Court pursuant to the provisions of the then effective Sections 10574 and 10575, General Code, which, as above mentioned, have since been repealed and are succeeded respectively by Sections 10504-63 and 10504-64, General Code, now in effect.

The statutory provision as to the presumed election by a surviving spouse having been changed by the repeal of Section 10571, General Code, and the enactment in its place, of Section 10504-60, General Code, now in effect, the decision in the case mentioned is not now applicable to cases such as the instant case where a surviving insane spouse dies before the expiration of the time provided by law, without having made an election.

Under the plain wording of Section 10504-60, General Code, now in effect, upon the death of the surviving spouse, without respect to the sanity or insanity of such spouse, before the expiration of the time limit

provided by law, where no election was made, it is conclusively presumed that such surviving spouse elected to take under the will, and this presumption is applicable to the facts and to the surviving spouse in the instant case.

By the use of the phrase ''By the death of either or both of the parties thereto,'' in that part of Section 11397, General Code, prescribing that ''No action or proceeding pending in any court shall abate by the death of either or both of the parties thereto,'' it is obvious that such provision is intended to apply and applies only to actions or proceedings of an adversary character, and is not intended to and does not apply to a special proceeding, such as the proceeding in question in the instant case, for the election of an incompetent surviving spouse, pursuant to Sections 10504-63 and 10504-64, General Code, which is not adversary in character.

As Section 11397, General Code, does not apply to the proceeding in question, the abatement of such proceeding is governed by the rules of the common law and under such rules the proceeding abated on the death of the insane surviving spouse for whose benefit it was instituted.

As the conclusive presumption of an election on the part of the surviving insane spouse to take under the will became effective upon the death of the surviving insane spouse within the period limited by law without having made an election, before the order appealed from was made, and such facts as to the death of the surviving insane spouse were in evidence before the court at the hearing upon which the order was made, the court should have made an order determining that the proceeding in which such election on her behalf was sought to be made abated upon her death and that by reason of her death there was a conclusive presumption

that she had elected to take under the will. The only error in the order as made, is that the court attempted to do by election pursuant to the statutes mentioned what the law, by reason of the death of the surviving spouse, conclusively presumed had already been done.

Such error may be cured by a modification of the order so as to make the determination as to the abatement of the proceeding and the application of the conclusive presumption of an election to take under the will by reason of the death of the insane surviving spouse within the period limited by law without having made an election, as mentioned in the preceding paragraph.

It is therefore ordered that the judgment of the Probate Court be modified in the particulars hereinbefore set forth and, as modified, be affirmed at costs of the appellants.

*Judgment modified and affirmed.*

JACKSON, J., concurs.