SHEETS, CO-EXTRX., APPELLANT, *v.*
ANTES, CO-EXTRX., APPELLEE.

(No. 83AP-1003—Decided
February 23, 1984.)

*Ms. Roberta S. Mitchell* and *Mr. Charles K. Milless,* for appellant.

*Mr. Howard Wehr,* for appellee.

*Messrs. Vorys, Sater, Seymour & Pease* and *Mr. Robin Obetz* for estate of Kirchner.

MOYER, J. This case is before us on a motion filed by defendant-appellee, Delores Antes, asking this court to dismiss an appeal filed by plaintiff-appellant, Patricia A. Sheets. Appellant's appeal is taken from an entry of the Franklin County Probate Court which overruled appellant's exceptions to an inventory of the assets of the estate of Grace Kirchner and approved the inventory submitted by appellee.

Appellant and appellee are co-executors of the estate of Grace Kirchner. They are also Kirchner's daughters and they are the sole and equal beneficiaries under her will. Appellant's basic claim is that shortly before her mother's death, appellee improperly converted two certificates of deposit to her own use by making them joint and survivorship accounts and then failed to include them in the inventory of the assets of the estate which she filed with the probate court.

In an entry dated October 30, 1980, the probate court, finding that appellant had not established that appellee received any money improperly or that the inventory was insufficient, overruled appellant's exceptions to the inventory. Appellant appealed this "judgment entry" to this court and we dismissed the appeal on January 13, 1981, since the trial court had clearly not entered final judgment concerning the inventory.

On September 29, 1983, on appellant's motion for a final order, the probate court issued another entry overruling appellant's exceptions to the inventory. This entry, unlike the October 30 order, expressly approves the inventory, enters a final judgment, and states that there is no just reason for delay in hearing the appeal upon "this separate issue." Appellant has appealed from the September 29 order and appellee contends that the appeal is still not taken from a final appealable order and should be dismissed.

This court has jurisdiction to review only final orders. Section 3(B), Article IV, Ohio Constitution. Although the probate court's September 29 entry expressly states that "there is no just reason for delay in hearing the appeal upon this separate issue" (see Civ. R. 54[B]), the inclusion of that language cannot convert an interlocutory order into a final appealable order. *R & H Trucking, Inc.* v. *Occidental Fire & Cas.*

*Co.* (1981), 2 Ohio App. 3d 269, 271; *Mager* v. *American Select Risk Ins. Co.* (Dec. 1, 1983), Franklin App. No. 83AP-797, unreported.

Furthermore, this does not appear to be the type of case to which Civ. R. 54(B) applies since this case involves only one cause of action (see *Amato* v. *General Motors Corp.* [1981], 67 Ohio St. 2d 253, 256 [21 O.O.3d 158]) and it does not involve multiple parties.[1]

Disregarding the Civ. R. 54(B) language in the entry, we proceed to determine whether the entry appealed from is, in fact, a final appealable order giving this court jurisdiction to consider this appeal.

To be final and appealable, an order must meet the requirements found in R.C. 2505.02 which reads, in part, as follows:

"* * * [A]n order affecting a substantial right made in a special proceeding * * * is a final order * * *."

Thus, the first issue is whether the order appealed from affects a substantial right. A substantial right is "a legal right entitled to enforcement and protection by law." *In re Estate of Wyckoff* (1957), 166 Ohio St. 354, 358 [2 O.O.2d 57]. Appellant, as a beneficiary under her mother's will, has a right to a hearing on her exceptions to the inventory filed by her co-executor, appellee. Her right to contest the probate court's order excluding the accounts from the estate by filing exceptions and participating in the hearing, as well as her alleged entitlement as a beneficiary to part of the assets excluded from the estate, qualify as substantial rights which may be protected and enforced as provided in the probate code. See R.C.

2115.16. "* * * Nor is that right any less affected * * * because of the existence of an adequate appellate remedy at the close of the * * * proceeding[s]." *Union Camp Corp.* v. *Whitman* (1978), 54 Ohio St. 2d 159, 162 [8 O.O.3d 155].

The second issue we must decide is whether appellant's substantial rights were affected in a "special proceeding." R.C. 2505.02.

"The hearing of exceptions to an inventory under Section 2115.16, Revised Code, is a summary proceeding conducted by the Probate Court to determine whether those charged with the responsibility therefor have included in a decedent's estate more or less than such decedent owned at the time of his death." *In re Estate of Gottwald* (1956), 164 Ohio St. 405 [58 O.O. 235], paragraph one of the syllabus.

The proceeding is begun by the filing of exceptions, not pleadings, "* * * wherein there is notice only, without service of summons, and which represents essentially an independent judicial inquiry * * *." *In re Estate of Wyckoff, supra,* at 358.

In *Amato* v. *General Motors Corp., supra,* at 258, the Ohio Supreme Court indicated that a balancing test should be applied in determining whether an order was made in a special proceeding:

"* * * This test weighs the harm to the 'prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable."

In the present case, we believe that "the balance tips in favor of immediate review." *Id.* at 258.

---

[1] Civ. R. 54(B) reads, in part, as follows:

"Judgment upon multiple claims or involving multiple parties. *When more than one claim for relief is presented* in an action, whether as a claim, counterclaim, cross-claim or third-party claim, *or when multiple parties are involved,* the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. * * *" (Emphasis added.)

A second reason for concluding that the order of the probate court is an appealable order is found in the Supreme Court's reasoning in *Bernbaum* v. *Silverstein* (1980), 62 Ohio St. 2d 445, at 447 [16 O.O.3d 461], in which the court stated:

"* * * [A] prime determinant of whether a particular order is one made in a special proceeding is the practicability of appeal after final judgment. A ruling which implicates a claim of right that would be irreparably lost if its review need await final judgment is likely to be deemed a final order."

In the present case, the order approving the inventory excludes certain liquid assets from the estate. Since the assets are joint and survivorship accounts and appellee is the named survivor, appellee should not be required to await the conclusion of the administration of her mother's estate before she treats the certificates of deposit as her own. By the time appellant could seek appellate review of the final accounting of the estate, she might have no effective remedy even if an appeal was decided in her favor.

Other probate court orders, such as an order authorizing a claimant to present a claim against the estate after the expiration of the time allowed for presentation (*In re Estate of Wyckoff, supra*) and an order making an election for an incompetent surviving spouse (*In re Estate of Knofler* [1943], 73 Ohio App. 383 [29 O.O. 93], affirmed [1944], 143 Ohio St. 294 [28 O.O. 203]), have also been held to be orders made in special proceedings.

Furthermore, several Ohio courts, including the Ohio Supreme Court, have heard appeals from orders sustaining or overruling exceptions to the inventory of an estate without considering, in their opinions, whether the orders were final appealable orders. See, *e.g., Cole* v. *Ottawa Home & Savings Assn.* (1969), 18 Ohio St. 2d 1 [47 O.O.2d 1]; *In re Estate of Hatch* (1950), 154 Ohio St. 149 [42 O.O. 218]; *Bolles* v. *Toledo Trust Co.* (1936), 132 Ohio St. 21 [7 O.O. 60]; *In re Estate of Stevenson* (1979), 64 Ohio App. 2d 187 [18 O.O.3d 144]; *In re Estate of Berman* (1963), 118 Ohio App. 354 [25 O.O.2d 226].

For the foregoing reasons, the order appealed from is a final appealable order and appellee's motion to dismiss the appeal is overruled.

*Motion overruled.*

McCORMAC, P.J., and NORRIS, J., concur.