OPINION
The above cause is before the court sua sponte on the issue of jurisdiction. For the following reasons, we find this court lacks jurisdiction to hear the above-styled appeals.
On December 23, 1991, G. Randall Lilley died testate, leaving his surviving spouse, Marion R. Lilley, daughter, Pamela Lilley, and sons, Stephen and Christopher Lilley. On March 3, 1992, the will was admitted to probate in the Warren County Probate Court. Administration of the will saw many challenges and delays, including those related to the account of the estate. Marion Lilley and Pamela Lilley filed exceptions to the account and amended account.
During the administration of the G. Randall Lilley estate, Marion Lilley died testate on January 10, 1997. On February 6, 1997, her will was also admitted to the Warren County Probate Court. Administration of this will also saw continued challenges and delays, including those related to the inventory of this estate. Pamela Lilley, Stephen Lilley and Christopher Lilley filed exceptions to the inventory.
The various exceptions to the account of the G. Randall Lilley estate and the inventory of the Marion Lilley estate came on for five days of testimony in the probate court beginning November 18, 1998 and concluding December 17, 1998.
On February 5, 1999, the probate court filed a decision and entry on some of the various exceptions. On February 16, 1999, Stephen Lilley filed a "Motion for Clarification of Decision." On February 19, 1999, Pamela Lilley filed a similar motion. Thereafter, on March 4, 1999, the probate court filed an entry styled "Agreed Entry Tolling Appeal Time" which read as follows:
 Now comes the parties, by and through counsel, and agree, with approval of the Court, that the Decision and Entry filed February 5, 1999 is not a final appealable order. There are issues remaining before this court for adjudication, and the parties' desire that this Court proceed with such further adjudication. Upon the completion of all pending matters before this Court, this Court will issue a notification to all parties that the matters are now final and appealable and that there is no just cause for delay.
Pursuant to the motions for clarification, the probate court on April 5, 1999 issued a second decision and entry which, in part, modified the February 5, 1999 entry and, in part, addressed additional claims regarding the inventory of the Marion Lilley estate.
On April 26, 1999, Pamela Lilley filed a second motion for clarification relating to the April 5, 1999 entry, essentially asking for modification. On April 30, the probate court issued a third decision and entry that further explained, but did not modify, its April 5 entry.
On June 28, 1999, the probate court issued an entry styled "Notification that all Matters are Final and Appealable — No Just Cause for Delay," which read as follows:
 The Court having adjudicated all issues remaining before it, notice is hereby given to all parties that all matters before it are now final and appealable and there is no just cause for delay.
On July 27, 1999, Pamela Lilley (appellant) filed a notice of appeal to this court relating to the February 5, April 5, and April 30, 1999 entries. On August 3, 1999, Stephen Lilley (cross-appellant) filed a notice of cross-appeal relating to these same three entries. This court, questioning jurisdiction, filed an entry on September 14, 1999 requesting memoranda from the parties on the issue. Counsel for appellant responded. While citing no supporting law, the memorandum explains it was the intent of the parties after the February 5 entry to resolve all remaining issues by future entries before filing any appeal, drafting the March 4 Agreed Entry as "protection" against dismissal of the appeal as untimely.
It is axiomatic that an appeal must be taken from a "final appealable order" to vest jurisdiction with a court of appeals.General Acc. Ins. Co. v. Ins. Co. of N. America (1989), 44 Ohio St.3d 17,20. A list of what constitutes a final appealable order is provided in R.C. 2505.02(B). The applicable subsection (B)(2) provides as follows:
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one the following:
* * *
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.
The term "special proceeding" is defined in R.C. 2505.02(A)(2) as follows:
* * *
 [A]n action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity.
Generally, matters related to estate administration are treated as special proceedings. In the Matter of the Estate ofDepugh (March 31, 1995), Miami App. No. 94CA43, unreported. Generally, a probate court entry that affects a substantial right regarding a claim against an estate is considered to be a final appealable order. In re Estate of Wyckoff (1957), 166 Ohio St. 354.
The subject case specifically involves an appeal of probate court entries stemming from exceptions to an inventory and account of an estate pursuant to R.C. 2115.16 and 2109.32, respectively. Ohio courts have repeatedly held that entries overruling exceptions to the inventory of an estate are final and appealable.Sheets v. Antes (1984), 14 Ohio App.3d 278, 280; In fact, theSheets court observed, "[f]urthermore, several Ohio courts, including the Ohio Supreme Court, have heard appeals from orders sustaining or overruling exceptions to the inventory of an estate without considering, in their opinions, whether the orders were final and appealable." (Citations omitted.) 14 Ohio App. 3d at 280. Ohio courts have also repeatedly held that entries sustaining exceptions to an account are final and appealable. In reEstate of Knauff (May 27, 1997), Adams App. No. 96CA623, unreported; In re Estate of Taylor (June 21, 1991), Lawrence App. No. 1957, unreported.
The inquiry on this issue does not stop here. As illustrated by Knauff and In re Estate of Allen (June 17, 1988), Trumbull App. No. 3890, unreported, the probate court entries appealed from must also actually approve or settle the inventory or account ruled upon. Rulings on exceptions alone do not affect "substantial rights" as defined in R.C. 2505.02 (A)(1). Future relief is not foreclosed because the exceptions can be reviewed when the probate court actually conducts the statutorily required hearing to settle the inventory or account. Id.
The February 5, April 5, and April 30, 1999 decision and entries clearly do not approve or settle the account or inventory, ruling instead on the specifics of the various exceptions. The June 28, 1999 "Notification" entry similarly fails as a final appealable order. Despite language announcing all remaining issues had been adjudicated, there is no language expressly approving or settling the account of the G. Randall Lilley estate or the inventory of the Marion Lilley estate.
As a result, the February 5, April 5, April 30 and June 28, 1999 entries all fail to qualify as final appealable orders. There is as yet no entry expressly approving or settling the account and inventory in these cases.
Although not dispositive, we feel compelled to comment on the March 4, 1999 "Agreed Entry Tolling Appeal Time" and the various motions for "clarification". Parties sometimes claim these as vehicles extending the time to file a notice of appeal. Timeliness of an appeal is a requirement that is both mandatory and jurisdictional. Kaplysh v. Takieddine (1988), 35 Ohio St.3d 170.
We first note that the March 4, 1999 "Agreed Entry Tolling Appeal Time" is of no effect whatsoever from an appeal standpoint. The five exceptions to the thirty-day deadline imposed by App.R. 4(A) are listed in App.R. 4(B). The Ohio Supreme Court has held that App.R. 4 provides the exclusive list of reasons to extend the time to file a notice of appeal. Bond v. Airway Div.Corp.(1978), 54 Ohio St.2d 363. Neither a trial court nor the parties, by agreed entry or otherwise, may toll the deadline to file an appeal outside App.R. 4. See, Kertes Enterprises, Inc. v.Planning Zoning Comm. of Orange Village (1990), 68 Ohio App.3d 48;Rose v. Rose (1970), 23 Ohio App.2d 201. In fact, App.R. 14(B) prohibits even a court of appeals from enlarging or reducing the notice of appeal deadline.
We further note that the parties' various motions for clarification of prior entries and any resulting delay are of no effect whatsoever from an appeal standpoint. This court has recently ruled that motions to clarify are, in effect, motions to reconsider which are a nullity under the Civil Rules from which no appeal may be taken. State v. Creamer (July 8, 1999), Fayette App. No. CA99-04-011, unreported. See, also, Kauder v. Kauder
(1974), 38 Ohio St.2d 265; Ditmers v. Ditmers (1984), 16 Ohio App.3d 174; Marinos v. Henzel (Aug. 14, 1992), Portage App. No. 91-P-2376, unreported. Therefore, motions for clarification do not toll the time to file a notice of appeal from an otherwise final appealable order.
Based upon the foregoing, the above-captioned appeal and cross-appeal are hereby DISMISSED, costs to be divided equally between appellant/cross-appellee and appellee/cross-appellant.
YOUNG, P.J., and VALEN, J., concur.