OPINION
{¶ 1} Appellant Carol L. Dawson asserts that the Columbiana County Court of Common Pleas, Probate Division, should not have dismissed her "Notice of Exceptions" to the inventory of the estate of her deceased mother, Maxine L. Sacco. The trial court dismissed the exceptions because Appellant had no standing to prosecute the exceptions to the inventory. Appellant had previously entered a settlement agreement in a related case in which she gave up all rights to any interest in the estate of Maxine L. Sacco. The record supports the trial court's judgment, and it is hereby affirmed.
 {¶ 2} Maxine Sacco died on February 12, 2001. Her will was submitted to the probate court on April 30, 2001, and was given Case No. 2001 ES 189. The "Application to Probate Will" listed only three next of kin, all children of Mrs. Sacco: Jerry and Donald Sacco, and Carol L. Dawson. The will was executed in 1994. The entire estate was left to the Sacco Family Revocable Living Trust. The will named her husband, George Sacco, as executor and named Carol Dawson as alternate executrix. A codicil was executed on May 20, 1999. The codicil changed the executor of the will, naming Jerry Sacco as executor and Donald Sacco as alternate executor. The codicil specifically removed Carol Dawson as executrix due to "legal incapacity." (4/30/01 Application to Probate Will, Codicil, p. 1.) The codicil does not explain the nature of this legal incapacity, but the record does contain a document from a former attorney of Appellant stating that she had been convicted of arson in 1999 and had served a year in prison. (6/19/03 Motion for Sanctions, Attachment.) This letter also notes that Appellant had falsified a loan application in February 2001, forged the name of her brother's business, was indicted for forgery on September 28, 2001, and was being investigated for bank fraud.
 {¶ 3} On July 20, 2001, Appellant filed a "Notice of Exceptions to Inventory and Appraisal." Appellant claimed that she had standing to file the exceptions pursuant to R.C. § 2115.16, which states in pertinent part:
 {¶ 4} "Exceptions to the inventory * * * may be filed at any time prior to five days before the date set for the hearing or the date to which the hearing has been continued by any person interested in the estate or in any of the property included in the inventory[.]"
 {¶ 5} Appellant asserted that she had standing as a person who had an interest in the estate because she was a named beneficiary. It should be pointed out that the only named beneficiary in the original will was the Sacco Family Revocable Living Trust. Carol Dawson is not listed as a beneficiary of Maxine Sacco's will, and there is nothing to indicate any interest held by Carol Dawson in the Sacco Family Revocable Living Trust.
 {¶ 6} On August 30, 2001, Appellant filed a will contest complaint as part of the underlying probate action. The basis of the will contest was that the May 20, 1999, First Codicil was not properly executed, and that Carol Dawson should have been named the executrix of the will under the original will.
 {¶ 7} In separate litigation, Appellant challenged the validity of a document dated June 16, 1999, which states that Carol Dawson was disinherited from any will, trust or other property belonging to George and Maxine Sacco. (1/7/02 Answer to Amended Complaint, Attachment.) This litigation was initiated as a declaratory judgment action and was designated as Case No. 2001 MM 10. At some point these two cases were joined for purposes of litigation, although it is not clear from the record when consolidation occurred. The consolidation is noted by the trial court in the transcript of a hearing held on December 12, 2002. (12/12/02 Tr., p. 8.)
 {¶ 8} On October 19, 2001, Appellant filed a claim against the estate in the amount of $1,535,548.10. She stated that she had executed two demand promissory notes to George and Maxine Sacco in 1985 for $200,000 each at 8% interest, and that Mr. and Mrs. Sacco had granted her two mortgages as security for the notes. Appellant demanded full payment for both notes with interest. The executor denied the claim on October 23, 2001. The executor stated that attached copies of the two notes were actually one and the same document; that no consideration was given in exchange for the notes; that the mortgages were only meant to prevent potential creditors from reaching the assets of George and Maxine Sacco; and the Appellant had admitted on the record (in criminal proceedings in Stark County) that she was owed no money by George or Maxine Sacco.
 {¶ 9} After numerous delays, the court set a final hearing date to resolve the exceptions to the inventory. Trial was to begin on June 18, 2003. (3/13/03 J.E.)
 {¶ 10} On or about May 12, 2003, Appellant obtained new counsel in this case who filed a motion for continuance on June 2, 2003. The court denied the continuance on June 6, 2003. The court's judgment entry noted that the parties were informed at a hearing on March 13, 2003, that there would be no more delays, that the parties would have approximately 90 days to prepare for final hearing, and that Appellant would need to obtain substitute counsel soon enough to be prepared for the final hearing.
 {¶ 11} On June 13, 2003, Appellant's attorneys filed a motion to reconsider the denial of a continuance. The court consolidated the hearing for this motion with the hearing set for June 18, 2003.
 {¶ 12} Appellant has not included a transcript of the June 18, 2003, hearing as part of the record on appeal. The probate court's judgment entry of June 18, 2003, indicates that a hearing did take place. The court found that Appellant had entered into an agreement whereby she was no longer a beneficiary of the trust established by Maxine Sacco's will. This agreement can be found in the record as an attachment to the "Answer of Bank One Trust Company," filed on January 7, 2002. The court determined that Appellant no longer had standing under R.C. § 2115.16 to prosecute the exceptions to the inventory because she had no interest in the probate estate. The court dismissed the exceptions and approved the inventory and appraisal of the estate.
 {¶ 13} A timely notice of appeal was filed on July 9, 2003.
 {¶ 14} Appellant's original brief on appeal consisted of one page of argument and no stated assignments of error or listing of issues presented. Appellees Donald and Jerry Sacco noted these omissions in its responsive brief. Twenty-six days after Appellees filed their brief, Appellant filed another document labeled as "Corrected Brief of Appellant." The Rules of Appellate Procedure do not contain any provisions for parties to correct omissions and errors in their briefs outside of the time periods set by App.R. 18. The corrected brief was also filed beyond the time allowed for a reply brief, and no filing extension was requested by Appellant. Therefore, we will not address Appellant's "corrected brief" in our analysis. OSI Funding L.L.C. v. Fish, 7th Dist. No. 02-MO-9, 2003-Ohio-5444.
 {¶ 15} We note that an order overruling or dismissing exceptions to an inventory of an estate is a final appealable order. Sheets v. Antes
(1984), 14 Ohio App.3d 278, 470 N.E.2d 931, 14 OBR 307.
 {¶ 16} Appellant's only discernible argument on appeal is that she had standing to file exceptions to the inventory under R.C. § 2115.16. This statute allows anyone to file exceptions who has an interest in the estate or in any property listed in the inventory. It is well established that, before an Ohio court can consider the merits of a legal claim, the person seeking relief must establish standing to sue. Ohio ContractorsAssn. v. Bicking (1994), 71 Ohio St.3d 318, 320, 643 N.E.2d 1088.
 {¶ 17} Appellant refers us to a case from the Sixth District Court of Appeals which held that a disinherited next of kin who files a will contest action has an interest in the estate and has standing to file exceptions to the inventory under R.C. § 2115.16. In re Estate ofMcConney (1942), 72 Ohio App. 286, 51 N.E.2d 239, reaffirmed in Estate ofMayer v. Markwood (March 31, 1992), 6th Dist. No. L-90-299.
 {¶ 18} The question of standing depends upon whether a party has alleged such a personal stake in the outcome of the controversy that the ensuing litigation will be pursued in an adversary context and in a form historically viewed as capable of judicial resolution. State ex rel.Dallman v. Franklin Cty. Court of Common Pleas (1973), 35 Ohio St.2d 176,178-179, 64 O.O.2d 103, 298 N.E.2d 515. When determining whether a party has standing, Ohio courts have applied the Civ.R. 17(A) requirement that a party must be a, "real party in interest." State ex rel. Sinay v.Sodders (1997), 80 Ohio St.3d 224, 226, 685 N.E.2d 754.
 {¶ 19} Lack of standing challenges the legal capacity of a party to bring an action or to continue to prosecute an action. State ex rel.Dallman, supra, 35 Ohio St.2d at 178, 64 O.O.2d 103, 298 N.E.2d 515.
 {¶ 20} Although there seems to be little doubt that Appellant had standing to file the exceptions to the inventory on July 20, 2001, the issue presented to the probate court on June 18, 2003, was whether Carol Dawson had continuing standing to pursue the exceptions. The probate court made a factual determination that Carol Dawson entered into a settlement agreement and had given up any rights she might have had under the will of Maxine L. Sacco or any of the property included in the inventory of that estate. The same probate judge presided over and signed that settlement agreement. (1/7/02 Answer to Amended Complaint, Attachment, 12/12/02 Agreement.) The agreement provides that the will contest in the instant case would be dismissed with prejudice. (12/12/02 Agreement, p. 4.) The settlement hearing transcript confirms that Appellant entered into a settlement that dismissed the will contest litigation and the declaratory judgment action. (12/12/02 Tr., p. 8.) The settlement defined three beneficiaries of the trusts created by George and Maxine Sacco, and Carol Dawson is not one of those three people. (12/12/02 Agreement, p. 3.) Since it appears that the will contest was the entire basis of Appellant's presumed standing in this case, the trial court was correct in concluding that Appellant had no standing to continue litigating the exceptions to the inventory after the will contest was settled.
 {¶ 21} Appellant has not pointed to anything that contradicts the trial court's findings concerning the existence or content of the settlement agreement. Furthermore, Appellant has not pointed to anything in the record indicating what other interest she might have had in Maxine Sacco's estate or in property listed in the inventory. Although Appellant had filed a claim against the estate, it was denied and no further action was taken on the claim.
 {¶ 22} Appellant makes certain arguments, in her brief and at oral argument, that she entered into the settlement agreement at issue on the basis that her rights would pass to her son. Unfortunately, there is nothing in the record to substantiate this argument. Likewise, Appellant has not provided in the record the trust agreement involved in this matter, nor has she provided a transcript of the hearing of this matter, crucial for our review of the evidentiary matters she raises. Thus, we have nothing of record with which to review this aspect of her claims on appeal.
 {¶ 23} Based on all of the foregoing, we find no error in the judgment of the Columbiana County Court of Common Pleas, Probate Division, and we affirm this decision in full.
Donofrio, J., concurs.
Vukovich, J., concurs.