DECISION AND JUDGMENT ENTRY
{¶ 1} Shawn Smith ("Appellant") appeals the entry of the Ross County Probate Court considering his exceptions to the final account of the Estate of Robert E. Smith ("Appellee"). The Appellant contends that the trial court erred when it overruled two specific exceptions to the account involving real property formerly owned by Robert E. Smith. Because we find that the *Page 2 
probate court's decision on the matter, as presented in its entry, was not a final appealable order, we dismiss the Appellant's appeal.
 {¶ 2} Robert E. Smith died testate on November 9, 1998. His last will and testament, naming his five sons as beneficiaries, was admitted to probate on December 4, 1998. One son, Robert E. Smith, II ("Executor"), was appointed executor of the estate.
 {¶ 3} The Executor filed an inventory of the estate on March 25, 1999. Thereafter, the Executor filed accounts sporadically. The first account was filed January 7, 2000; the second account was filed March 9, 2001; the third was filed March 22, 2002, the fourth was filed April 4, 2003; and the fifth account was filed April 23, 2004. The final and distributive account was filed on March 22, 2006. The Appellant filed several exceptions to the final account. Two exceptions, which are the subject of this appeal, concerned the lack of fair rental value for the estate properties located on Easterday Road and Orange Street in Chillicothe. By an entry signed June 14, 2006, the probate court approved the heirs' agreement that the distribution in kind for the two properties would occur at the appraised value plus a fair rental value for a five year period.
 {¶ 4} The probate court held a hearing on the exceptions on May 19, 2006. The court issued an entry on the exceptions to the final account on *Page 3 
July 7, 2006, which overruled the Appellant's exceptions regarding the Easterday Road property, as well as the Orange Street property. The Appellant now appeals the probate court's decision, asserting the following assignments of error:
 {¶ 5} 1. THE TRIAL COURT ERRED IN OVERRULING EXCEPTION 8 — RENTAL FOR EASTERDAY PROPERTY.
 {¶ 6} 2. THE TRIAL COURT ERRED IN OVERRULING EXCEPTION 9 — RENTAL FOR ORANGE STREET PROPERTY.
 {¶ 7} The Appellant contends that the probate court erred when it overruled his assigned exceptions regarding the Easterday Road and Orange Street properties. The Appellee, however, asserts in its brief that the probate court's decision regarding the Appellant's exceptions is not a final appealable order which may be reviewed by this court. Because the Appellee's claim raises jurisdictional questions, we will address it first.
 {¶ 8} Courts of appeals have appellate jurisdiction only over final orders. See Section 3(B)(2), Article IV, Ohio Constitution. A final order is one which, inter alia, affects a substantial right and is made in a special proceeding. R.C. 2505.02(B)(2). Proceedings related to the administration of estates have historically been treated as special proceedings. See In re Estate of DePugh, Miami App. No. 94CA43,1995 WL 136996, at *2, citing Polikoff v. Adam (1993), 67 Ohio St.3d 100, 616
NE.2d 213. *Page 4 
 {¶ 9} In Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St .3d 60, 616 N.E.2d 181, the Supreme Court of Ohio clarified the standard for determining when a substantial right is affected. It stated that "[a]n order which affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future." Id. at 63. This court has previously held that not all entries disposing of an exception to an account necessarily constitute final orders. See In re Estate of Knauff (1997), Adams App. No. 96CA623,1997 WL 305232. In Knauff we determined the following:
 "We begin by acknowledging that this court has previously recognized that a judgment entry sustaining exceptions to an account may be a final appealable order pursuant to R.C. 2505.02. See In re Estate of Taylor (June 21, 1991), Lawrence App. No. 1957, unreported, fn. 1, citing Sheets v. Antes (1984), 14 Ohio App.3d 278, 470 N.E.2d 931. We continue to adhere to this basic tenet. This is not to say, however, that each and every "judgment entry" sustaining exceptions to an account is, necessarily, a final order which may be appealed.
 * * * "In this case appellant cannot show future relief on the objections would be foreclosed, because the objections can be reviewed at such time as the probate court conducts the statutorily required hearing settling or making further disposition of the account. [Citation omitted]. This being the case, the probate court's April 16, 1996 judgment entry does not constitute a final appealable order under R.C. 2505.02."
 {¶ 10} Applying this precedent to the case sub judice, the entry in *Page 5 
the present case clearly contemplates further action in the probate court before approval or settlement of the final account. The entry concludes with the following language:
 "This matter is set for further hearing on the 21st day of August, 2006 at 8:00 a.m. on the issue of surcharge and reports ordered herein. At the conclusion of said hearing, executor will be directed to file his amended final and distributive account."
 {¶ 11} By its terms, the above entry does not approve or settle an account. The language used indicates that the probate court contemplated a future filing of an amended final and distributive account upon which the parties might take further action. As such, future relief on the objections would not be foreclosed to the Appellant.
 {¶ 12} In light of the possibility of future relief, the entry does not affect a substantial right as demanded by R.C. 2505.02(B)(2). Accordingly, the probate court's entry does not constitute a final appealable order. It is therefore not reviewable on appeal. For these reasons, we dismiss the Appellant's appeal.
 APPEAL DISMISSED. *Page 6 
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court, Probate Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, J. and Kline, J.: Concur in Judgment and Opinion. *Page 1