[Cite as *In re Estate of Ross*, 2013-Ohio-2622.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ESTATE OF JOSEPH M. ROSS, DECEASED | : | **O P I N I O N** |
| | : | |
| | : | **CASE NO. 2012-T-0093** |
| | : | |
| | : | |
| | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Probate Division, Case No. 2011 EST 84.

Judgment:  Dismissed.


*Matthew J. Blair*, Blair & Latell Co., L.P.A., 724 Youngstown Road, Suite 12, Niles, OH 44446; *James B. Dietz* and *Tracie L. Schmidt*, Friedman & Rummell Co., L.P.A., 100 East Federal Street, Suite 300, Youngstown, OH  44503 (For Appellant Brian G. Ross).

*Douglas J. Neuman*, Westenfield, Neuman & Parry, 761 North Cedar Street, #1, Niles, OH  44446 (For Appellee Renee R. Maiorca).


COLLEEN MARY O'TOOLE, J.

{¶1}   Appellant, Brian G. Ross, appeals from the October 23, 2012 judgment of the Trumbull County Court of Common Pleas, Probate Division, denying his exception to the inventory and deeming a transaction made between him and his father, Joseph M. Ross ("the decedent"), to be a loan rather than a gift.  The probate court determined that appellant owes the sum of $199,405.47 to the estate.  The court continued several

other issues concerning which assets are to be included in the decedent's final inventory.

{¶2}   The decedent passed away on January 3, 2011.  His estate plan required all four of his children to act as co-executors, namely: Dr. Joseph Ross, John Ross II, appellant, and appellee, Renee R. Maiorca.  However, Dr. Joseph Ross resigned and the probate court removed John Ross II and appellant for failure to cooperate in the administration of the estate.  Thus, appellee is the sole fiduciary of the estate.

{¶3}   On September 9, 2011, appellee filed an initial inventory.  No hearing was ever held on that inventory.  On May 29, 2012, appellee filed an amended inventory.  On June 19, 2012, appellant filed objections, listing the following four exceptions: (1) the inclusion of property located in Westlake, Cuyahoga County, Ohio, at its stated value in the inventory; (2) the failure to include the accounting firm of Ross, Maiorca & Associates, Inc. and its value; (3) a 2009 transaction made to appellant from the decedent with a debt due to First Place Bank in the amount of $199,405.47; and (4) the failure to list the decedent's personal property as an asset.

{¶4}   On October 10, 2012, a hearing was held on the exceptions to the amended inventory.  At that hearing, the evidence revealed that appellant, a former IRS agent, made a total of 20 payments on the loan owed to First Place Bank, originally valued at $235,000.  Specifically, appellant made 14 payments from the loan's inception up to his father's death.  After his father's death, appellant made an additional six payments.  Appellant then stopped making payments on the loan.  Appellant claims that the transaction was a gift.  However, no written evidence of a gift was found among the decedent's records.  Also, no federal gift tax was ever filed.  Appellant further claims

2

that he did not know that the payments were on money his father had borrowed and given to him, indicating that he commonly paid bills on behalf of his deceased parents.

{¶5} On October 23, 2012, the probate court only came to a conclusion regarding one of the four exceptions to the amended inventory. The court concluded in its judgment entry that appellant treated the transfer of funds as a loan rather than a gift, as evidenced by the fact that he made 20 payments, six of which were made after the decedent's death. Thus, the court found that the transfer of funds from the decedent to appellant constituted a loan and a proper asset of the estate. The court determined that appellant owes the sum of $199,405.47 to the estate. However, the court continued the three other exceptions, including: the inclusion of the Westlake property; the failure to include the accounting firm of Ross, Maiorca & Associates, Inc. as an asset of the estate; and the failure to include the decedent's personal property as an asset of the estate.

{¶6} On October 26, 2012, appellee filed a second amended inventory. On November 21, 2012, appellant filed objections. No hearing was set on the exceptions to the second amended inventory.

{¶7} Appellant filed a timely appeal from the October 23, 2012 judgment with respect to the first amended inventory, asserting the following three assignments of error:

{¶8} "[1.] The trial court erred when it determined that Brian G. Ross had the burden to prove by clear and convincing evidence that the $235,000.00 transferred to him by the decedent, Joseph M. Ross, was a gift when, in fact, as a family member and son of the decedent, the transfer is presumed to be a gift.

3

{¶9} "[2.] The trial court abused its discretion in determining the transfer of funds from the decedent to the Appellant was a loan when no evidence was introduced to establish a loan or to rebut the family gift presumption.

{¶10} "[3.] The trial court erred in ruling that even absent the family gift presumption that Appellant/Movant, Brian G. Ross, failed to prove by clear and convincing evidence that a valid gift had occurred."

{¶11} Before embarking on a review of appellant's assigned errors, we must first determine whether the probate court's October 23, 2012 judgment is a final appealable order.

{¶12} In dealing with a somewhat similar matter, this court stated in *In re Estate of Persing*, 11th Dist. No. 2009-T-0120, 2010-Ohio-2687, ¶11:

{¶13} "In *Sheets v. Antes* (1984), 14 Ohio App.3d 278 * * *, the Tenth Appellate District held that an order denying exceptions to an inventory and approving the inventory is a final, appealable order. Several cases have summarily cited *Sheets* for the proposition that the denial of exceptions to an inventory is a final, appealable order. *See In re Sacco*, 7th Dist. No. 03 CO 39, 2004-Ohio-3196, at ¶15; *In re Workman*, 4th Dist. No. 07CA39, 2008-Ohio-3351, at ¶13; and *In re Poling*, 4th Dist. No. 04CA18, 2005-Ohio-5147. However, pursuant to *Sheets*, an order denying exceptions to an inventory is only a final, appealable order if it also approves the inventory. *Sheets v. Antes*, 14 Ohio App.3d at 278. * * *" (Parallel citation omitted.)

{¶14} This court went on to state in *Persing, supra,* at ¶17:

{¶15} "'(T)he probate court entries appealed from must also actually approve or settle the inventory or account ruled upon. Rulings on exceptions alone do not affect

4

"substantial rights" as defined in R.C. 2505.02(A)(1). Future relief is not foreclosed because the exceptions can be reviewed when the probate court actually conducts the statutorily required hearing to settle the inventory or account. (* * *).' *In re Estate of Lilley* (Dec. 20, 1999), 12th Dist. Nos. CA99-07-083, CA99-07-084, CA99-08-087, & CA99-08-088, 1999 Ohio App. LEXIS 6094, at *5-7 * * * ." *See also In re Estate of Perry*, 12th Dist. No. CA2007-03-061, 2008-Ohio-351, ¶47.

{¶16} In *Persing*, the probate court issued an order denying the appellant's exceptions to the inventory and issued a separate judgment entry approving the inventory. *Persing, supra,* at ¶19. Therefore, this court held there was a final appealable order in that case. *Id.*

{¶17} Unlike *Persing*, in the case at bar, the probate court only denied one of appellant's exceptions to the inventory, deeming the transaction made between him and his father to be a loan rather than a gift, and did not approve or settle the inventory. Rather, the court continued the three other exceptions, including: the inclusion of the Westlake property, stating that "the issue of valuation will be continued until the ownership of the real property is determined[;]" the failure to include the accounting firm of Ross, Maiorca & Associates, Inc. as an asset of the estate, stating that "its valuation was not determined at this time and will be included in a subsequent Amended Inventory and Appraisal[;]" and the failure to include the decedent's personal property as an asset, stating that a list is to be included "in an Amended Inventory and Appraisal." Thus, there is no final appealable order in this matter at this time.

{¶18} Based on the foregoing, we find that the October 23, 2012 judgment of the Trumbull County Court of Common Pleas, Probate Division, is not a final order sufficient

5

to invoke the jurisdiction of this court.  Accordingly, the instant appeal is dismissed.  It is ordered that appellant is assessed costs herein taxed.


TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.