[Cite as *In re Estate of Smith*, 2020-Ohio-3378.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: ESTATE OF VERNA T. SMITH. | : | APPEAL NO. C-190407 |
| | | TRIAL NO. 2018 00 443 |
| | : | |
| | : | *O P I N I O N.* |

Appeal From: Hamilton County Court of Common Pleas, Probate Division

Judgment Appealed From Is: Appeal Dismissed

Date of Judgment Entry on Appeal: June 18, 2020

*John G. Banner*, for Executor-Appellee,

*James J. Condit, Sr.*, and *Thomas W. Condit*, for Exceptor-Appellant.

**ZAYAS, Presiding Judge.**

{¶1} Exceptor-appellant Kenneth Burger ("Kenneth") appeals from the judgment of the Hamilton County Court of Common Pleas, Probate Division, denying his exceptions to the inventory filed in the estate of his mother, Verna T. Smith. On appeal, Kenneth argues that the trial court erred in determining the funds held in a joint checking account, a joint money market savings account, and a joint brokerage account by Smith and his brother and executor-appellee Ronald Burger ("Ronald"), would not be included in his mother's probate estate.

{¶2} Smith died testate on January 17, 2018. On February 5, 2018, the Hamilton County Probate Court assumed jurisdiction over her last will and testament, and Ronald was named executor. Ronald filed an inventory and schedule of assets, and Kenneth filed exceptions to the inventory and appraisal. On February 25, 2019, a hearing was held before the magistrate on the exceptions to the inventory.

{¶3} Kenneth filed a pretrial statement, challenging the exclusion of a checking account, a money market savings account, and a brokerage account. At the time of Smith's death, the checking account had a balance of $20,723.49, the balance in the money market savings account was $6,401.62, and the brokerage account had a final balance of $13,516.75.

{¶4} The magistrate denied the exceptions to the inventory and found that the signature cards indicated that both Smith and Ronald were the "legal owners" of the accounts. The magistrate further found that all of the accounts were joint and survivorship accounts held by the decedent and Ronald, and that there was no evidence that duress, fraud, undue influence, or lack of capacity occurred in the

execution of the signature cards. Finally, the magistrate found that "[t]he opening of these joint accounts is conclusive evidence of the decedent's intent to transfer the balance remaining in the accounts to the surviving party." Ronald was entitled to the balances upon his mother's death. The magistrate indicated that the inventory would be approved by separate entry, but an entry approving the inventory was never journalized.

{¶5} Kenneth filed objections to the magistrate's decision claiming that the magistrate erred in determining that the joint accounts were also survivorship accounts in the absence of any survivorship language, and that the magistrate erred in admitting extrinsic evidence about the nature of the accounts and the intent of the decedent.

{¶6} After a hearing on the objections, the trial court overruled the objections and adopted the magistrate's decision. The court found that the exact status of the accounts was unclear because the account agreements were not submitted as evidence. The court noted that the signature cards were silent on survivorship, but stated that both signatories held "Legal Title." Because the actual account agreements were not presented, the court found that the magistrate appropriately considered extrinsic evidence.

{¶7} The court concluded that Ronald's testimony established that the bank knew the decedent had died because the final social security check amount had been withdrawn from the account. Thereafter, the bank permitted Ronald to close the accounts. Therefore, the evidence demonstrated that the bank treated the accounts as if they were joint accounts with survivorship rights. The court overruled the

objections and adopted the magistrate's decision. However, the trial court did not order that the inventory be approved.

{¶8} On appeal, Kenneth contends that the trial court erred by overruling the objections and adopting the magistrate's decision denying the exceptions to the inventory.

{¶9} Before we can reach the merits of Kenneth's assignment of error, we must decide whether the trial court's judgment entry was a final, appealable order. After supplemental briefing on this issue by the parties, for the reasons that follow, we dismiss the appeal for lack of a final, appealable order.

{¶10} Under R.C. 2505.02(B)(2), matters related to estate administration are considered special proceedings. *Sheets v. Antes*, 14 Ohio App.3d 278, 279-280, 470 N.E.2d 931 (10th Dist.1984). An order is considered final and appealable where it "affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." R.C. 2505.02(B)(2). Generally, an order denying exceptions to an inventory and approving the inventory affects the substantial rights of a party and is a final, appealable order. *Sheets* at 279-280.

{¶11} However, an order denying exceptions to an inventory that does not approve the inventory is not a final, appealable order. *See In re Estate of Sickmiller*, 3d Dist. Paulding No. 11-13-01, 2013-Ohio-3788, ¶ 7; *In re Estate of Ross*, 11th Dist. Trumbull No. 2012-T-0093, 2013-Ohio-2622, ¶ 15; *In re Estate of Perry*, 12th Dist. Butler No. CA2007-03-061, 2008-Ohio-351, ¶ 47. "Rulings on exceptions alone do not affect 'substantial rights' as defined in R.C. 2505.02(A)(1). Future relief is not foreclosed because the exceptions can be reviewed when the probate court conducts the statutorily required hearing to settle the inventory or account." *In re Estate of*

4

*Lilly*, 12th Dist. Warren Nos. CA99-07-083, CA99-07-088, CA99-07-084 and CA99-07-087, 1999 WL 1239470, *3 (Dec. 20, 1999).

**{¶12}** Here, the judgment entry appealed from overruled Kenneth's objections and adopted the magistrate's decision. However, the trial court did not approve a final inventory in this matter. Therefore the judgment entry is not final and appealable, and we must dismiss this appeal for lack of jurisdiction.

**{¶13}** Accordingly, the appeal is dismissed.

Appeal Dismissed.

**MYERS** and **BERGERON, JJ.,** concur.

Please note:

The court has recorded its own entry this date.