[Cite as *In re Estate of Clonch*, 2020-Ohio-3938.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| ESTATE OF: | : | **MEMORANDUM OPINION** |
| DANNY LYLE CLONCH a.k.a. | : | |
| DANNY L. CLONCH, | | **CASE NO. 2020-T-0017** |
| DECEASED | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Probate Division, Case No. 2018 EST 0747.

Judgment: Appeal dismissed.

*Michael D. Rossi*, Guarnieri & Secrest, PLL, 151 East Market Street, P.O. Box 4270, Warren, OH 44482 (For Appellant, Jarod M. Clonch).

*Daniel P. Thomas*, Delbene, LaPolla & Thomas, 155 Pine Avenue, N.E., P.O. Box 353, Warren, OH 44482 (For Appellee, Jeffrey W. Thomas).

*Carol A. Sopkovich*, Martin F. White Co., LPA, 156 Park Avenue, N.E., P.O. Box 1150, Warren, OH 44482 and *H. Gilson Blair*, 154 North Park Avenue, N.E., Warren, OH 44481 (For Appellee, Theresa R. Clonch).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Jarod M. Clonch ("Mr. Clonch"), through counsel, appealed from a March 3, 2020 entry of the Trumbull County Court of Common Pleas, Probate Division.

{¶2} Appellee, Jeffrey W. Thomas ("Mr. Thomas"), Administrator WWA of the Estate of Danny Clonch, deceased, filed an inventory on July 10, 2019, and Mr. Clonch filed five exceptions to the inventory. After a hearing on the exceptions to the inventory took place, the probate court issued the March 3 entry and ordered the fiduciary to amend

the inventory within 14 days to include the two motor vehicles transferred to the surviving spouse and to include the decedent's golf cart. In that entry, the court also overruled all other exceptions to the inventory. On March 19, 2020, the amended inventory was filed with the probate court. The instant appeal ensued on April 1, 2020.

{¶3} On June 9, 2020, Mr. Thomas moved this court to dismiss the appeal for lack of a final order because neither the inventory nor the amended inventory was approved by the probate court. On June 22, 2020, Mr. Clonch filed a suggestion for the record indicating that he did not oppose the dismissal of the appeal.

{¶4} This court has stated that a trial court's entry denying exceptions to an inventory is only a final, appealable order if that entry also approves the inventory. *In re Estate of Ross*, 11th Dist. Trumbull No. 2012-T-0093, 2013-Ohio-2622, ¶ 13. This court also stated that the probate court entries on appeal must also approve or settle the inventory or account ruled upon. *Id.* at ¶ 15; *see, also, In re Estate of Persing,* 11th Dist. Trumbull No. 2009–T–0120, 2010-Ohio-2687.

{¶5} In *Persing, supra,* this court stated that any ruling on the exceptions alone does not affect a "substantial right" as defined in R.C. 2505.02(A)(1). Future relief can still be afforded since exceptions can be reviewed when the probate court actually conducts the statutorily required hearing to settle the inventory or account. *Ross, supra,* ¶ 15.

{¶6} In *Ross,* this court determined there was no final appealable order because the probate court only denied one of the appellant's exceptions to the inventory and continued the other three exceptions.

{¶7} Here, since the probate court has not yet approved the inventory or the amended inventory, there is no final appealable order.

2

{¶8}    Based upon the foregoing, appellee's motion to dismiss is granted, and this appeal is hereby dismissed for lack of final appealable order.

{¶9}    Appeal dismissed.


TIMOTHY P. CANNON, P.J.,

MARY JANE TRAPP, J.,

concur.